DWIGHT W. KELSEY v. STATE EX REL. BRUCE McMANUS.

244 N. W. 2d 53.

July 2, 1976—No. 46313.

*Dwight W. Kelsey*, pro se, for appellant.

*Warren Spannaus*, Attorney General, *Richard G. Mark*, Assistant Solicitor General, *Richard B. Allyn*, Assistant Attorney General, *Gary Hansen*, Special Assistant Attorney General, and *Robert W. Kelly*, County Attorney, for respondent, warden of State Prison.

PER CURIAM.

This is a pro se appeal from an order of the district court denying a petition for a writ of habeas corpus without a hearing. We affirm.

Petitioner, an inmate at the state prison,[1] seeks release from confinement on the ground that the Minnesota Corrections Authority violated his rights when they refused him access to his prison base file prior to the hearing which resulted in denial of his parole application. Petitioner sought access to the file so that at the hearing he could challenge any adverse information contained in it on which the parole authorities might rely.

We agree with the district court that habeas corpus was not a proper remedy in this case. It is true that petitioner sought immediate release from prison and that habeas corpus is an appropriate remedy if the relief to which the petitioner may be entitled is immediate release. See, Preiser v. Rodriquez, 411 U. S. 475, 93 S. Ct. 1827, 36 L. ed. 2d 439 (1973). However, even if the authorities erred in denying petitioner access to his file, petitioner still would not be entitled to immediate release. Rather, at most he would be entitled to obtain a copy of the file and have an immediate rehearing before the parole board, at which time

---

[1] Petitioner is serving a sentence for attempted first-degree murder. See, State v. Kelsey, 293 Minn. 397, 196 N. W. 2d 287 (1972).

the board would exercise anew its discretion in determining whether to grant petitioner parole. Therefore, the district court properly denied the writ without a hearing.

This court's recent decision in County of Sherburne v. Schoen, 306 Minn. 171, 236 N. W. 2d 592 (1975), sets forth the appropriate procedures to be followed by petitioner in obtaining the information he desires.

Affirmed.