**Dwight W. KELSEY, Appellant,**

v.

**STATE OF MINNESOTA ex rel. Frank WOOD, Warden, Appellee.**

No. 77–1105.

United States Court of Appeals, Eighth Circuit.

Submitted April 27, 1977.

Decided May 11, 1977.

Dwight W. Kelsey, pro se.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Minn., on brief, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of Dwight W. Kelsey's petition for a writ of habeas corpus. Kelsey, an inmate in the Minnesota State Prison at Stillwater, alleges that the penitentiary officials have refused to allow him access to his base file. He claims he needs that file to adequately prepare for his parole hearing to challenge any adverse information in those files on which the parole board might rely. A prisoner's base file is composed of all his records kept by the penitentiary.

Kelsey first made a written request for his base file to the proper penitentiary official. The request was denied because there was currently in effect a state court injunction prohibiting the dissemination of base files to the inmates. Kelsey then filed a petition for writ of habeas corpus in Minne-

sota state court seeking release. This petition was denied for the reason that the allegations, even if true, did not form a basis for issuing a writ of habeas corpus. The Minnesota Supreme Court affirmed. *Kelsey v. State ex rel. McManus*, Minn., 244 N.W.2d 53 (1976). The court noted that even if the prison officials improperly denied Kelsey access to his files, the greatest relief to which Kelsey would be entitled would be access to his files and an immediate rehearing before the parole board. *Kelsey v. State ex rel. McManus, supra* at 244 N.W.2d 54. The court further indicated that the proper procedure for obtaining such records was set forth in *County of Sherburne v. Schoen*, Minn., 236 N.W.2d 592 (1975).[1] Rather than returning to state court and initiating an action as outlined in *Sherburne*, Kelsey filed the present suit in the United States District Court. Because Kelsey has not exhausted the remedies available in the state courts, we affirm the District Court's dismissal of his petition. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Young v. State*, 533 F.2d 1079 (8th Cir. 1976).

To exhaust his state remedies, Kelsey should proceed as directed by the Supreme Court in his own appeal, *Kelsey v. State ex rel. McManus, supra*, and in *County of Sherburne v. Schoen, supra*. Under M.S.A. § 15.165(b)(c), a request should be made to the prison officials seeking access to the prisoner's base file, where upon the officials must allow the prisoner to see the file, except for the confidential portions. If there are confidential portions of the prisoner's file which are to be withheld, the officials must inform the prisoner of that fact. They must also inform him that he can apply to the appropriate Minnesota county district court for a determination of whether the confidential portions of the file have been correctly classified; and if not, that court can order portions released to the prisoner. If the prison authorities fail to so perform, M.S.A. § 15.165(c) provides that

their decision "is appealable in accordance with the provisions of the administrative procedure act relating to contested cases."

The District Court's order dismissing Kelsey's petition is affirmed.

---

1. In *Sherburne*, the Minnesota Supreme Court reversed the decision of the District Court which had enjoined the prison officials from allowing prisoners to have access to their files.

That injunction, as discussed above, was the reason the prison officials gave for denying Kelsey access to his base file.