STATE of Minnesota, Respondent,

v.

Nate Baxter COMPTON, Appellant.

No. C8-83-1508.

Court of Appeals of Minnesota.

Dec. 7, 1983.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James E. O'Neill, Pipestone County Atty., Pipestone, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is a sentencing appeal. Defendant was convicted before the District Court, Pipestone County, David E. Christensen, J., of felony theft. Imposition of sentence was stayed and defendant was placed on probation for three years. Defendant violated the terms of his probation by committing another felony eleven months later in another county. On January 20, 1983, as a result of this subsequent offense and consistent with sentencing guidelines, he was committed to the Commissioner of Corrections for 25 months. On February 14, 1983, Judge Christensen signed an order vacating the stay of imposition of sentence on the Pipestone felony and ordered the defendant apprehended "forthwith."

Although defendant remained in prison, and his whereabouts known, no effort was made to serve the Judge's Order or to schedule a revocation hearing until defendant was finally able to contact the state public defender. On August 22, 1983, six months after the stay of imposition was vacated, the defendant was brought before the court on a writ from St. Cloud Reformatory for a hearing. After the hearing the defendant was sentenced to serve a 20· month term in prison commencing that day. His request for credit against this sentence for the time spent in custody from the date of issuance of the A & D order to the date of hearing was denied.

## ISSUES

1. Was a six month delay between the signing of the arrest and detention order and the revocation hearing reasonable when defendant was serving a prison sentence on a subsequent felony?

2. Is defendant entitled to credit for time served in prison on a subsequent felony while waiting for a revocation hearing on a prior felony?

## ANALYSIS:

Minn.R.Crim.P. 27.04, Subd. 2(4) (West Special Pamphlet 1983) reads as follows;

> Time of Revocation Hearing. The court shall set a date for the revocation hearing within a reasonable time before the court which granted probation. If the probationer is in custody as a result of the revocation proceedings, the revocation hearing shall be held within seven days.

 The test of reasonableness is one of fairness considering all the circumstances. Availability of counsel, of court time, of probation officers and whether prejudice

results to a defendant, are factors to be considered. The second sentence of Rule 27.04, Subd. 2(4) quoted above mandates seven days as being reasonable when the defendant is in custody only as a result of the revocation proceedings. Where, as here, he is being held on another crime, prejudice may not result if the hearing is somewhat more delayed for good reason. But the length of time here was six months, defendants whereabouts were at all times known, and defendant was clearly prejudiced. He stated prior to sentencing that he was guilty of the violation and that he had been trying to get the matter taken care of for months. The failure to hold a hearing within a reasonable period resulted in a sentence which is a defacto departure from the sentencing guidelines.

Minnesota Sentencing Guidelines presumes concurrency in sentencing absent valid reasons for departure. Sentencing Guidelines, II.F. The sentence imposed at the revocation hearing in effect made only part of the sentence concurrent and part, 189 days, consecutive to the sentence being served. The felonies here, theft and burglary, do not meet the guidelines criteria for consecutive sentences, and no valid reason for departure was given. Defendant is entitled to credit against the sentence for the time period between the issuance of the arrest and detention order and the actual revocation and execution of sentence.

The fact that defendant was also serving prison time for a subsequent and separate felony conviction is of no consequence. Where an A & D order has been signed and defendant's whereabouts are known, waiting to schedule a revocation hearing until shortly before the defendant is scheduled for release from prison is not consistent with the spirit of the Guidelines.

Reversed with credit for 189 days against defendant's sentence ordered.