STATE of Minnesota, Respondent, (C2–84–378), Appellant, (C6–84–528),

v.

Jeffrey Dean MATTSON, Appellant, (C2–84–378), Respondent, (C6–84–528).

Nos. C2–84–378, C6–84–528.

Court of Appeals of Minnesota.

Oct. 16, 1984.

Hubert H. Humphrey, III, Atty. Gen., Alan L. Mitchell, St. Louis County Atty., Kevin O'Connell, Asst. County Atty., Duluth, for Respondent, (C2–84–378), Appellant, (C6–84–528).

C. Paul Jones, State Public Defender, Ann Remington, Asst. State Public Defender, Minneapolis, for Appellant, (C2–84–378), Respondent, (C6–84–528).

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant was convicted by jury of criminal sexual conduct in the second degree in violation of Minn.Stat. § 609.343(e)(i) (1983). He was sentenced to 21 months in prison, a 20 month downward departure. The trial court also credited him with all time served prior to trial, including time spent for parole violation on a prior Wisconsin felony. Appellant appeals the judgment of conviction; the State appeals the sentence. We affirm the conviction and affirm the sentence as modified. We reverse on credit given for the Wisconsin parole violation.

## FACTS

The complainant-Wiken is an 18-year old girl who was sitting on the steps in front of her residence talking to a friend when appellant stopped his car and asked for directions. Wiken leaned on the passenger side of the car with her head in the car and gave appellant directions. They talked for a few minutes and appellant, according to Wiken, then offered her marijuana in exchange for sex. She declined sex, but said she would buy the marijuana. Appellant refused and then, Wiken stated, he grabbed her left wrist and left breast, attempting to pull her into the car. Wiken testified he squeezed her breast through three layers of clothing until she was bruised and sore for several days. Appellant denies touching her. The only witnesses, two friends of Wikens, were not close enough to hear the conversation between appellant and Wikens, nor did they observe him grab her.

## ISSUES

1. Was evidence sufficient to support the verdict?

2. Was a downward departure in sentence from 41 months to 21 months justified?

3. Is appellant entitled to credit against the sentence on this felony for time served

prior to sentence because of a revocation of parole on a prior felony?

## ANALYSIS

Minnesota Stat. § 609.343 (1983) provides in part:

A person is guilty of criminal sexual conduct in the second degree * * * if he engages in sexual contact with another person and if any of the following circumstances exists:

\*    \*    \*    \*    \*    \*

(e) The actor causes personal injury to the complainant and

\*    \*    \*    \*    \*    \*

(i) The actor uses force or coercion to accomplish the sexual contact.

Appellant argues that Wiken did not sustain personal injury. In *State v. Bowser,* 307 N.W.2d 778, 779 (Minn.1981), the Minnesota Supreme Court defined personal injury as "either pain or minimal injury." Wiken testified her breast was painful, red and bruised for a few days following the incident. Her girlfriend testified there were bruises and redness. The jury also had a photo taken by the police department from which, contrary to the statement in appellant's brief, they could easily conclude the breast was bruised.

Witnesses stated they thought they saw a deer rifle pointing from appellant's car as he drove by the house after the incident calling for Wiken to come out. Appellant was arrested later in the day and consented to a search of his car. Since neither marijuana nor a rifle was found he argues that their story is incredible.

■ An appellate court "cannot retry the facts but must take the view most favorable to the State and must assume that the jury believed the State's witnesses and disbelieved any contrary evidence." *State v. Caldwell,* 322 N.W.2d 574, 586 (Minn. 1982). *See State v. Liggons,* 348 N.W.2d 785 (Minn.Ct.App.1984).

■ Appellant certainly had time to dispose of or use marijuana prior to his arrest. Although no gun was found, the .38 special

ammunition found in the car could, according to Officer Martin LeRette, be used in a rifle.

Although corroboration is not required by Minn.Stat. § 609.347, subd. 1 (1982), testimony regarding Wiken's emotionally upset state immediately after the incident, her bruises, and the photograph all corroborate her story.

The jury obviously believed Wiken and disbelieved appellant. From the evidence they could reasonably conclude that the appellant was guilty of the offense charged. *State v. Merrill,* 274 N.W.2d 99 (Minn.1978) (citations omitted); *State v. Nash,* 342 N.W.2d 177 (Minn.Ct.App.1984).

2. Appellant was sentenced to an executed term of 21 months, a downward durational departure from the presumptive term of 41 months for criminal sexual conduct in the second degree, a severity level VII offense. Appellant had a criminal history score of two since he was on parole in Wisconsin for the attempted murder of his wife.

At the time of sentencing the court discussed the reasons listed in the guidelines for downward departure and concluded that none applied. The court stated:

I just don't feel the facts of this case justify the sentence as set forth in the guidelines. I don't think that the Guidelines Commission ever had intended that somebody would serve forty-one months for intentionally grabbing at another person's breast.

The Minnesota Sentencing Guidelines statement of Purpose and Principles (4) states:

While the sentencing guidelines are advisory to the sentencing judge, departures from the presumptive sentences established in the guidelines should be made only when substantial and compelling circumstances exist.

Minnesota Sentencing Guidelines II.D, Departures from the Guidelines, states in part:

When departing from the presumptive sentence, a judge must provide written

reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence.

Here, there are no substantial and compelling circumstances justifying departure. Appellant is on parole for the attempted murder of his wife and has been convicted by jury of criminal sexual conduct in the second degree. Where the record does not support upward departure, sentence is properly reduced. *State v. Gooler*, 344 N.W.2d 404 (Minn.1984). Here the record on sentencing fails to support a downward durational departure and the presumptive 41 month sentence must be imposed.

3. The State appeals the credit given appellant for time served in a Wisconsin jail for revocation of his parole.

Appellant was arrested August 2, 1983 and held in jail until August 8, when he posted bond on this offense. After posting bond on August 8th, appellant was released from the St. Louis County jail and surrendered to Wisconsin authorities on a parole violation warrant issued when Wisconsin authorities discovered appellant was charged with the present crime in Minnesota. Appellant remained in Wisconsin on the parole hold until December 5, 1983 when Wisconsin relinquished jurisdiction for purposes of his being sentenced in Minnesota.

Clearly, he is entitled to seven days credit pursuant to Minn.Stat. § 609.145, subd. 2, and Minn.R.Crim.P. 27.03, subd. 4(B).

But if defendant spends time in jail in another state in connection with that state's charge, he is not entitled to credit. *State v. Brown*, 348 N.W.2d 743, 748 (Minn.1984); *State v. Bentley*, 329 N.W.2d 39 (Minn.1983). In *State v. Lindsey*, 314 N.W.2d 823, 825 (Minn.1982), the court said:

> The record does not reflect whether defendant was held in jail pending trial pursuant to a revocation of parole or

because he failed to post bail on the present charges. If the former, then it would be proper to credit jail time against the unexpired portion of the prior sentence; if the latter, then the jail time should be credited against the sentence for the current offense.

Here, appellant spent seven days in jail on the current offense and from August 8, 1983 to December 5, 1983 in jail on his Wisconsin parole violation. He is not entitled to credit on his present sentence for the Wisconsin jail time.

## DECISION

We affirm the conviction on criminal sexual conduct in the second degree. We reverse the downward durational departure and impose the presumptive 41 month sentence. Appellant is entitled to seven days credit for jail time spent in connection with the instant offense, and is not entitled to credit for time spent in Wisconsin on that state's parole revocation.

Affirmed in part with sentence affirmed as modified.