**STATE of Minnesota, Respondent,**

v.

**Randall Steward DULSKI, Appellant.**

**No. C1–84–1599.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Review Granted Jan. 4, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., St. Paul, for respondent.

C. Paul Jones, Minnesota State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

FORSBERG, Judge.

### FACTS

On April 14, 1983, appellant pleaded guilty to a charge of attempted burglary. He received a stayed sentence of one year and one day and was placed on probation. In February 1984, appellant's probation officer recommended probation be revoked because appellant's whereabouts were unknown. The trial court vacated appellant's stayed sentence and issued an apprehension and detention order on February 15, 1984.

On April 2, 1984, appellant was arrested in Carlton County for burglary. On May 9, 1984, appellant pleaded guilty to a charge of burglary in the fourth degree, a gross

misdemeanor, and was ordered to spend six months in the Carlton County jail.

At the revocation hearing, appellant's probation was revoked and his previously stayed sentence ordered executed. The trial court refused to grant appellant credit for the time appellant was incarcerated between his arrest on April 2 and the revocation hearing on July 12, 1984. Appellant claims he is entitled to this 101 day credit.

### DECISION

Appellant has argued that the district court failed to act with due diligence in holding a revocation hearing. We feel this is irrelevant as to the question of jail credit.

Appellant is not entitled to jail credit for the time spent in the Carlton County jail as a result of a gross misdemeanor sentence. The Minnesota Guidelines do not apply to gross misdemeanor sentences and, consequently, when revoking probation on a felony conviction, a judge is not required to impose a sentence concurrent with a prior gross misdemeanor sentence. A defendant is only entitled to jail credit for "time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn.R.Crim.P. 27.03, subd. 4(B); Minnesota Sentencing Guidelines III.C. Thus, a defendant is not entitled to jail credit for time spent in custody on an unrelated gross misdemeanor prior to the holding of a probation revocation hearing. Minnesota Sentencing Guidelines III.C.; *cf. State v. Stout,* 273 N.W.2d 621, 624 (Minn. 1978); *State v. Mattson,* 356 N.W.2d 391 (Minn.Ct.App.1984).

Affirmed.