**STATE of Minnesota, Respondent,**

v.

**Randall Stewart DULSKI, Appellant.**

**No. C1–84–1599.**

Supreme Court of Minnesota.

March 1, 1985.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Thomas J. Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

## OPINION

AMDAHL, Chief Justice.

This appeal raised the issue whether a criminal defendant whose probation was revoked and sentence executed following his conviction of an offense committed while on probation was entitled to jail credit for time spent in custody in connection with the current offense prior to the holding of the probation revocation hearing. The Court of Appeals held that the defendant was not entitled to the credit. *State v. Dulski*, 358 N.W.2d 447 (Minn.App.1984). We granted the defendant's petition for expedited review. Because we concluded that defendant was entitled to receive the credit and because defendant was therefore entitled to immediate release from prison, we announced our decision by written order on January 16, 1985, 361 N.W.2d 381 (Minn.), shortly after hearing oral arguments, and stated that this opinion would follow.

On April 14, 1983, defendant pleaded guilty in Ramsey County to attempted burglary. On May 26 the trial court sentenced defendant to 1 year and 1 day in prison but stayed execution of sentence and placed him on probation for 2½ years. On February 15, 1984, the trial court issued an order vacating the stay after receiving information that petitioner was not reporting to his probation officer, as required by his probation agreement, and could not be located.

On April 2, 1984, defendant was arrested in Carlton County on a felony charge of burglary. On April 18 he pleaded guilty to a gross misdemeanor charge of burglary in the fourth degree. On April 25 his attorney in Carlton County wrote to his probation officer in Ramsey County and asked that he commence proceedings to revoke probation if that was his intention. On April 30 the probation officer responded, saying that a probation revocation hearing would not be held until defendant was in custody in Ramsey County and that the Carlton County Sheriff's Office would notify the Ramsey County Sheriff when defendant was available.

On May 9 defendant was sentenced in Carlton County to 6 months in jail for the Carlton County gross misdemeanor. On May 15 his attorney in Carlton County wrote to his attorney in Ramsey County and asked the latter to take action. Defendant's attorney in Ramsey County wrote to the probation officer on May 23, informed him that defendant had been sentenced on the Carlton County matter, and asked him to take whatever action was needed to bring defendant to the Ramsey County District Court on the revocation

matter. Finally, on July 12, the revocation hearing was held. The court ordered defendant's sentence executed but denied his request for credit.

In affirming, the Court of Appeals stated:

> Appellant is not entitled to jail credit for the time spent in the Carlton County jail as a result of a gross misdemeanor sentence. The Minnesota Guidelines do not apply to gross misdemeanor sentences and, consequently, when revoking probation on a felony conviction, a judge is not required to impose a sentence concurrent with a prior gross misdemeanor sentence. A defendant is only entitled to jail credit for "time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn.R.Crim.P. 27.03, subd. 4(B); Minnesota Sentencing Guidelines III.C. Thus, a defendant is not entitled to jail credit for time spent in custody on an unrelated gross misdemeanor prior to the holding of a probation revocation hearing. Minnesota Sentencing Guidelines III.C.; *cf. State v. Stout,* 273 N.W.2d 621, 624 (Minn.1978); *State v. Mattson,* 356 N.W.2d 391 (Minn.Ct.App.1984).

358 N.W.2d at 448.

■ The request for credit articulated by defendant's attorney at oral argument in this court was for the time spent in confinement from April 3, when a Ramsey County "hold" was placed on defendant, until July 12, when the Ramsey County District Court revoked the stay and ordered execution of the previously imposed sentence. We hold that defendant was entitled to receive the credit requested.

■ The state concedes that the Carlton County sentence is a concurrent sentence. Since the Carlton County sentence was the later one *imposed,* it was the Carlton County Court whose role it was to specify whether consecutive or concurrent sentencing was contemplated. *State v. Klang,* 320 N.W.2d 718 (Minn.1982); *Moffitt v. State,* 304 N.W.2d 31 (Minn.1981). Failure to specify consecutive sentencing means that the sentence is concurrent. Minn.Stat. § 609.-15 (1984).

The fact that the sentence for the subsequent offense, the one in Carlton County, is a concurrent sentence is a crucial factor in our decision to award defendant the credit. Recently, in *State v. Patricelli,* 357 N.W.2d 89 (Minn.1984), we were faced with the issue whether a defendant was entitled to credit against his Washington County sentence for pretrial time spent in jail in Chisago County. Defendant remained in jail in Chisago County partly because of a Washington County "hold" on him. Because of the hold and because bail in Washington County was set at a high figure, defendant's attorney made no attempt to reduce the bail set in Chisago County. We held that under the circumstances the defendant was in jail "in connection with" the Washington County offense for purposes of Minn.R.Crim.P. 27.03, subd. 4(B), which states that a defendant is entitled to credit for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." We added:

> We * * * believe that because defendant's sentences are concurrent, he should be able to apply the jail time against both of them. It would be different if defendant's sentences were consecutive because in that case crediting the defendant for jail time against both sentences would give him an unfair double credit. But since defendant received concurrent sentences, it would be unfair to, in effect, punish him for the state's delay in seeking his arraignment by not allowing him the credit against both concurrent sentences that he otherwise would have received.

357 N.W.2d at 94.

In this case, there was a "hold" placed on defendant in Carlton County because Ramsey County wanted custody of defendant after Carlton County proceedings were completed. Defendant, therefore, was in jail in Carlton County partly "in connection with" the Ramsey County matter. More importantly, the sentence that defendant received in Carlton County was a concurrent sentence. Crediting the jail time against both sentences in such a situation does not give the defendant an unfair dou-

ble credit but instead prevents a de facto departure resulting in consecutive service.

This latter point is one made by the Court of Appeals in *State v. Liebfried,* 345 N.W.2d 281 (Minn.App.1984), and *State v. Compton,* 340 N.W.2d 358 (Minn.App. 1983), cases in which the Court of Appeals held that the defendant was entitled to credit against both sentences for time spent in confinement on a subsequent offense committed while the defendant was on probation. The opinion of the Court of Appeals in the instant case, which does not cite either *Liebfried* or *Compton,* states that the Sentencing Guidelines "do not apply to gross misdemeanor sentences and, consequently, when revoking probation on a felony conviction, a judge is not required to impose a sentence concurrent with a prior gross misdemeanor sentence." 358 N.W.2d at 448. It is true that ordinarily the Sentencing Guidelines do not apply to gross misdemeanor sentences. However, as we stated, since the Carlton County sentence was the later one imposed, it was for the Carlton County Court to specify whether or not concurrent sentencing was contemplated. That court's failure to specify consecutive sentences meant that the sentence was concurrent. Moreover, if the conviction in Carlton County had been for a felony rather than for a gross misdemeanor, concurrent sentencing would have been presumed under the Sentencing Guidelines and the court would not have been free to sentence consecutively without articulating adequate reasons. We believe that it would be unfair to hold, in effect, that a defendant who is convicted of a gross misdemeanor may, by virtue of the technical nonapplicability of the Sentencing Guidelines, have to serve more total time in confinement in a case such as this than he would have to serve if he were convicted of a felony.

In any event, since the Carlton County sentence must be presumed to be a concurrent sentence, defendant was entitled to receive the credit he sought against both the Carlton County sentence and the Ramsey County sentence. Any other result would mean that the length of time served on the sentence for the first offense would turn on when the sentence is executed, something which is subject to manipulation and to irrelevant factors such as whether the defendant pleads guilty or insists on his right to a trial and whether he has to be transported from one county to another for the revocation proceeding.

We in no way intend that this decision be the final word on the difficult subject of fairness and equity in the award of jail credit under the Sentencing Guidelines. The issue of jail credit can arise in scores of differing fact situations. While the Sentencing Guidelines Commission is free to identify the differing fact situations that can arise and adopt detailed Guidelines for equitable treatment of defendants similarly situated, we can only address the issue on a case-by-case basis. In this case we hold merely that the defendant was entitled to the credit that he sought.

Reversed.