STATE of Minnesota, Respondent,

v.

Ralph L. MOSS, Appellant.

No. CX–85–1577.

Court of Appeals of Minnesota.

Oct. 8, 1985.

Review Denied Nov. 1, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, Minnesota State Public Defender, Steven P. Russett, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

HUSPENI, Judge.

## FACTS

On July 29, 1981 appellant Ralph Moss was sentenced to thirteen months imprisonment after pleading guilty to three counts of theft by swindle over $150 in violation of Minn.Stat. § 609.52, subd. 2(4) and 3(2) (1980). Execution was stayed for five years and appellant was placed on probation for five years on each count, with the condition that Moss pay $12,000 in restitution and that the sentences run concurrently. Moss failed to make restitution, and an arrest and detention order was issued. He was arrested in New York, waived extradition and appeared for a revocation hearing on March 14, 1983. The matter was continued to allow Moss an additional opportunity to pay the restitution amount. He failed to appear on July 12, 1983 and a bench warrant for his arrest was issued.

On March 20, 1984, Moss was arrested in London, England and charged with eighteen offenses committed in England, primarily involving obtaining property by fraud. On April 5, 1984, a new arrest and detention order was issued in Hennepin County but Moss was not ordered to be extradited from England. The judge directed that the arrest and detention order not be disseminated. English authorities were told that Minnesota would not seek to extradite Moss.

On November 19, 1984, Moss pleaded guilty to twelve of the eighteen charged offenses in England and was sentenced to concurrent prison terms of twelve months. He was given credit for the 244 days served in jail between the time of his arrest and the time he pleaded guilty. His sentence expired on November 23, 1984 and he was confined pending deportation. Moss contested deportation and was not deported until April 30, 1985. He was immediately arrested in New York, waived extradition and was returned to Minnesota.

A revocation hearing was held and Moss argued that he should receive jail credit for all time served in England for the crimes committed in England. The trial court revoked Moss' probation and executed the stayed sentence of thirteen months. He was given jail credit for all time he was incarcerated in the United States but not for any time he served in England.

## DECISION

 Moss is entitled to jail credit for time served in connection with the offense for which he was sentenced. Minn.R. Crim.P. 27.03, subd. 4(6). He is not entitled to credit for jail time spent outside the

country on unrelated foreign offenses when the jail time was not served in connection with the charged offense. *State v. Vaughn,* 361 N.W.2d 54, 59 (Minn.1985); *State v. Brown,* 348 N.W.2d 743, 748 (Minn.1984). Contrary to Moss' contentions, he was never held in England "partly" because of his Minnesota convictions and he never spent any additional time incarcerated in England because of his Minnesota convictions. Minnesota did not commence extradition and did not request a hold on Moss. He remained in custody pending his trial in England apparently because he was not a British subject, lacked a permanent English address and was the subject of numerous complex charges. He was deported solely because of English criminal activities. Any delay in deportation was because of Moss' appeal and his request for a delay to recover a missing watch.

Further, contrary to Moss' argument, the English judge did not have to determine whether a subsequent Minnesota sentence would be executed and, if so, whether it would be concurrent with or consecutive to the English sentence. The English judge was not responsible for execution of Moss' Minnesota sentence. *State v. Dulski,* 363 N.W.2d 307 (Minn.1985) does not dictate a contrary result in this case.

Affirmed.