STATE of Minnesota, Respondent,

v.

Eugene Patrick BAUMAN, Appellant.

No. C3–86–491.

Court of Appeals of Minnesota.

June 17, 1986.

Review Denied Aug. 20, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., Bryan R. Lindberg, Sp. Asst. Co. Atty., Anoka, for respondent.

Aurelio P. Nardi, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Eugene Bauman appeals from a sentence imposed for a conviction of Receiving Stolen Property in violation of Minn. Stat. §§ 609.53, subd. 1(1) and 609.05, subd. 1 (1984). He contends the sentencing court abused its discretion by not awarding jail credit from the day he was arrested. We agree and reverse and remand for resentencing.

## FACTS

Appellant was arrested on July 13, 1983, by agents of the Minnesota Bureau of Criminal Apprehension when he sold them a stolen outboard motor. Federal agents from the Alcohol, Tobacco and Firearms Division of the United States Treasury Department were present as there was an

existing federal indictment charging appellant with an earlier unrelated illegal possession and sale of a firearm. This arrest of appellant took place as part of an ongoing "sting" operation.

Although arrested on the Minnesota crime of receiving stolen property, appellant's custody was given to the federal authorities who wanted to process their indictment. He was continuously in custody until he pleaded guilty to the federal crime and, on November 9, 1983, was committed to the Federal Correctional Facility at Oxford, Wisconsin.

On July 22, 1983, Anoka County filed a complaint charging appellant with the sale of the stolen outboard motor. The Anoka County Attorney's Office notified federal authorities of that complaint and they logged a "detainer" against appellant on December 6, 1983. Copies of the complaint were filed with federal authorities on April 11, 1984.

On April 30, 1985, appellant's attorney wrote a letter to the Anoka County Attorney requesting disposition of all pending state charges. Appellant was then released to Anoka County and pleaded guilty to Receiving Stolen Property on December 2, 1985.

The only issue at sentencing was the amount of jail credit due appellant against the state sentence for time appellant had already served in federal custody on the weapons charge. Appellant sought credit from July 13, 1983, the date of his arrest. Appellant claimed he was initially arrested on a state charge, continuously held in custody due to both the state charge and the unrelated pending federal charge, and at his sentencing on the state charge on December 2, 1985, was entitled to credit for jail time back to the date of arrest. The state did not object to credit from April 30, 1985, the date appellant first requested adjudication of the state charges. The court sentenced appellant to a presumptive guidelines sentence of 54 months to run concurrent with his remaining federal sentence and with jail credit from April 30, 1985.

## ISSUE

Did the sentencing court abuse its discretion by only awarding jail credit for the time appellant served in federal custody after his request for adjudication of state charges?

## ANALYSIS

A convicted felon is entitled to jail credit against his sentence for all time spent in custody in connection with the offense before sentencing. *See* Minn.Stat. § 609.145, subd. 2 (1984); Minn.R.Crim.P. 27.03, subd. 4(B) (1986); and Minnesota Sentencing Guidelines III.C. (1986). Normally a sentence will not be reevaluated "if the trial court's discretion has been properly exercised and the sentence is authorized by law." *Fritz v. State*, 284 N.W.2d 377, 386 (Minn.1979). But the issue of jail credit must be addressed on a "case-by-case basis." *State v. Dulski*, 363 N.W.2d 307, 310 (Minn.1985).

Defendants are entitled to credit for time spent in jail in one Minnesota county in part because of a "hold" placed on them by another county. *See Id.* at 309; *see also State v. Patricelli*, 357 N.W.2d 89 (Minn. 1984). In *Patricelli* the supreme court awarded credit for pretrial jail time the defendant had served in another county for a different offense. *See Patricelli*, 357 N.W.2d at 91. The court emphasized the fact that the defendant eventually received concurrent sentences:

We also believe that because defendant's sentences are concurrent, he should be able to apply the jail time against both of them. It would be different if defendant's sentences were consecutive because in that case crediting the defendant for jail time against both sentences would give him an unfair double credit. But since defendant received concurrent sen-

tences, *it would be unfair to, in effect, punish him for the state's delay in seeking his arraignment by not allowing him the credit against both concurrent sentences that he otherwise would have received.*

*Id.* at 94 (emphasis added).

In *Dulski* a defendant pleaded guilty to attempted burglary in Ramsey County and was placed on probation. He then pleaded guilty to fourth degree burglary in Carlton County and was sentenced to six months in jail. A probation revocation hearing on the Ramsey County offense was held two months after the Carlton County sentencing. The Ramsey County sentence was ordered executed but the sentencing court denied any jail credit for the Carlton County sentence. *See* 363 N.W.2d at 308–09. On appeal, this court affirmed. *State v. Dulski,* 358 N.W.2d 447 (Minn.Ct.App. 1984).

The supreme court reversed, cited *Patricelli,* and stated that concurrent sentencing was a "crucial factor" in its decision to award jail credit. *Dulski,* 363 N.W.2d at 309. The court held that all time Dulski had spent in the Carlton County jail was "in connection with" the Ramsey County offense because of the Carlton County "hold." *See id.* and Minn.R.Crim.P. 27.03, subd. 4(B).

In *State v. Compton,* 340 N.W.2d 358 (Minn.Ct.App.1983), this court awarded 189 days jail credit where a delay in scheduling a probation revocation hearing resulted in a de facto consecutive sentence. *See id.* at 360. We noted there that setting a revocation hearing just before a defendant is scheduled for release from prison "is not consistent with the spirit of the Guidelines." *Id.*

■ What must be kept in mind here is that appellant was arrested on July 13, 1983, for the commission of the state crime which is the subject of this sentencing appeal. He was immediately turned over to the federal authorities only because they wanted him on a prior charge. Appellant was continuously in custody from his arrest partly because of the federal charge and partly because of a hold placed on him by federal authorities at the direction of Anoka County. *See Dulski,* 363 N.W.2d at 309.

Chronologically, appellant first pleaded guilty to the federal crime and, on November 9, 1983, was sentenced to federal prison. Appellant next pleaded guilty to the state crime (December 2, 1985), and on December 27, 1985, received a 54 month sentence concurrent with his *remaining* federal sentence. That federal sentence will be discharged in July, 1986. If appellant had received fully concurrent sentences for both the state and federal crimes from the date of arrest, he would spend less time in prison.

We are faced with what we believe to be an unfair and unjustifiable delay in criminal proceedings. *See* Minn.R.Crim.P. 1.02 (1986). Whether the delay between appellant's arrest for receiving stolen property on July 13, 1983, and his going to state court on that charge on December 2, 1985, was due to reticence on the part of the prosecutor, or an oversight by defense counsel, or simple inertia in the criminal justice system, appellant now faces what is, in effect, an unauthorized consecutive sentence. *See Compton,* 340 N.W.2d at 360. Under these circumstances, we believe appellant is entitled to relief in the form of jail credit. *See Dulski,* 363 N.W.2d at 310. We therefore hold that appellant is entitled to jail credit on the state charge for all time spent in custody since his arrest on July 13, 1983.

### DECISION

The trial court abused its discretion by not awarding appellant jail credit against a concurrent state sentence for all time he spent in federal custody from the date of his arrest for the commission of both state and federal crimes.

Reversed and remanded for resentencing consistent with this opinion.