STATE of Minnesota, Respondent,

v.

Eldon Rodney ANDERSON, Appellant.

No. C3–86–538.

Court of Appeals of Minnesota.

June 24, 1986.

Hubert Humphrey III, Atty. Gen., St. Paul, Jerome Schreiber, Wabasha Co. Atty., Lake City, for respondent.

C. Paul Jones, Public Defender, Susan Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant was arrested for an offense in Wabasha County and absconded before trial. More than two years later, he was arrested and convicted on unrelated charges in Hennepin County and sentenced to concurrent terms of nineteen and thirty-two months imprisonment. He was then turned over to Wabasha County authorities, at which time he pleaded guilty and was given a concurrent sentence of twenty-eight months. The trial court refused to grant appellant credit for time spent in jail on the Hennepin County offense. We reverse.

## FACTS

On May 27, 1982, appellant Eldon Rodney Anderson allegedly abducted and molested a twelve year old girl. On July 19, 1982, he was charged in Wabasha County with one count of criminal sexual conduct in the second degree and one count of false imprisonment. Appellant was released on his own recognizance and absconded while the case was pending. In December 1982, a bench warrant was issued for his arrest after he failed to appear for trial.

On March 23, 1985, appellant was arrested on unrelated felony theft charges in Hennepin County and was held, in part, because of the Wabasha County bench warrant. On April 2, 1985, appellant was sentenced by the Hennepin County district court to concurrent terms of nineteen and thirty-two months imprisonment. On April 11, 1985, the Wabasha County sheriff notified prison authorities, requesting that a detainer be lodged against appellant. The Wabasha County authorities did not attempt to prosecute appellant immediately, however, and it was not until January 7,

1986, that appellant was brought to court on the original charges.

Appellant pleaded guilty to false imprisonment, and the State dismissed the sexual conduct charge. The trial court imposed a concurrent sentence of twenty-eight months, the presumptive sentence. Appellant asked that he be given credit for the time spent from March 23, 1985 until January 7, 1986. The trial court refused to do so, instead granting him one day's credit for time spent in custody on March 23, 1985. Appellant claims the trial court erred in not granting him credit.

## ISSUE

Did the trial court err in failing to grant appellant credit for time spent in custody when his custody was at least partially due to a bench warrant issued and when the sentence was concurrent?

## ANALYSIS

A criminal defendant is entitled to jail credit for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn.R.Crim.P. 27.03, subd. 4(B). Appellant contends that the time he spent in custody after his Hennepin County arrest was "in connection with" the Wabasha County offense and that the trial court erred in refusing to grant him credit. We agree.

In *State v. Patricelli*, 357 N.W.2d 89 (Minn.1984), the defendant spent time in Chisago County jail before being arraigned on a charge in Washington County. The supreme court held that he should be given credit for time spent in Chisago County. The court reasoned that the time was spent "in connection with the offense" because the defendant remained in jail in part because of a Washington County "hold" on him. *Id.* at 94. The court also reasoned that because defendant's sentences were concurrent, he should be able to apply the jail time against both of them. The court

stated "it would be unfair to, in effect, punish him for the state's delay in seeking his arraignment by not allowing him the credit against both concurrent sentences that he otherwise would have received." *Id.* at 94 (footnote omitted).

In *State v. Dulski*, 363 N.W.2d 307 (Minn.1985), the supreme court also held the defendant was entitled to credit for jail time spent in another county. On April 14, 1983, the defendant pleaded guilty in Ramsey County to attempted burglary, received a stayed jail sentence, and was placed on probation. On April 2, 1984, before his probation was finished, he was arrested in Carlton County on a felony charge. On April 3, 1984, a Ramsey County "hold" was placed on defendant. On April 18, 1984, he pleaded guilty to a gross misdemeanor burglary charge and on May 9 he was sentenced in Carlton County to six months in jail. At a July 12, 1984, hearing to revoke defendant's Ramsey County probation, the court ordered defendant's sentence executed but denied his request for credit.

The *Dulski* court held the defendant was entitled to receive credit from the time the Ramsey County "hold" was placed on defendant until he was sentenced on the Ramsey County offense. As in *Patricelli* the court focused on two facts. First, there was a "hold" placed on defendant in Carlton County by Ramsey County. The court reasoned that the defendant was therefore in jail partly "in connection with" the Ramsey County offense. *Dulski*, 363 N.W.2d at 309. Second, and more importantly, the Carlton County sentence was a concurrent sentence. The court believed that crediting the defendant with jail time against both sentences in such a situation would prevent a de facto departure resulting in a consecutive sentence. *Id.* at 309–10. *See also State v. Compton*, 340 N.W.2d 358, 360 (Minn.Ct.App.1983).

The present case is indistinguishable from *Dulski* and *Patricelli*. Appellant was initially held in prison on the Hennepin County charges in part because of the Wa-

basha County bench warrant. Furthermore, the Wabasha County authorities placed a detainer on appellant and failed to bring him into court for nine months. Finally, appellant's sentences were concurrent, and by failing to grant him credit the trial court indirectly made the sentences consecutive. This was erroneous.

### DECISION

We reverse and remand with instructions that the trial court grant appellant credit for time spent in jail from March 23, 1985 through January 7, 1986.

Reversed and remanded.