**STATE of Minnesota, ex rel. Dennis Darol LINEHAN, Petitioner, Appellant,**

v.

**Frank WOOD, et al., Respondents.**

No. C9-86-334.

Court of Appeals of Minnesota.

Oct. 7, 1986.

Review Granted Nov. 26, 1986.

C. Paul Jones, State Public Defender, Anne McDiarmid, Elizabeth Davies, Asst. Public Defenders, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered, and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Dennis Linehan appeals from an order denying his petition for a writ of habeas corpus and contends the trial court erred by not awarding jail credit. We agree and reverse.

## FACTS

On October 1, 1965, appellant pleaded guilty in Ramsey County District Court to kidnapping and was sentenced to imprisonment for a term of 0–40 years. On June 20, 1975 he escaped from a Minnesota prison and fled to Michigan, where he was arrested on July 1, 1975 and charged with attempted assault with intent to commit criminal sexual conduct. Respondents, officials of the Minnesota Department of Corrections, obtained a warrant on August 1, 1975 charging appellant with escape from custody and filed that warrant with Michigan authorities.

A Michigan court convicted appellant on November 25, 1975 and sentenced him to imprisonment for six and one-half to 10 years. The Michigan sentence was made concurrent with his Minnesota kidnapping sentence to ensure that he served at least six and one-half years in prison if he were later extradited to Minnesota and paroled. When notified appellant was available for extradition, respondents declined to extradite him since they "preferred" that he first serve out his Michigan sentence. The Minnesota escape charge was dismissed on January 12, 1978.

On September 26, 1980, appellant was extradited by Minnesota to serve his remaining sentence for kidnapping. Before his escape, appellant was scheduled to be released on October 28, 1992. After his return to Minnesota, respondents recalculated his release date by adding 5 years, 3 months and 6 days: the time that elapsed between his escape and return to Minnesota. His release date is now December 4, 1997. Appellant's request for jail credit against his Minnesota sentence for time he served in Michigan was denied by respondents because:

It has been a long standing policy of the Minnesota Department of Corrections to not give credit for time served under such circumstances. It is the long standing policy of the Department of Corrections that when an individual escapes from custody, * * * if he is recaptured and convicted of a new offense, then his

sentence does not again begin to run until such time as he is physically returned to imprisonment within the State of Minnesota.

On November 18, 1985, appellant filed a petition for writ of habeas corpus, contending he was entitled to jail credit and that his release date should be September 18, 1992.[1] The parties waived a formal hearing, filed memoranda of law, and submitted the matter to the trial court on the record. The trial court denied a writ of habeas corpus on January 22, 1986.

### ISSUE

Was appellant entitled to the jail credit he sought?

### ANALYSIS

Habeas corpus is designed "to secure the speedy and immediate release of those illegally imprisoned." *State ex rel. Holm v. Tahash*, 272 Minn. 466, 468, 139 N.W.2d 161, 162–63 (1965) (footnote omitted). Applications for writs of habeas corpus are authorized by Minn.Stat. § 589.01 (Supp. 1985), which provides in part that:

A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction * * * may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint.

*Id.* A trial court must return a prisoner to the detaining authority if "the time during which the person may be legally detained has not expired." Minn.Stat. § 589.14 (Supp.1985).

■ 1. Respondents are correct that appellant's petition for a writ of habeas corpus is somewhat "premature" because he is not entitled to immediate release from prison. *See* Minn.Stat. § 589.01; *see also Kelsey v. State ex rel. McManus*, 309 Minn. 560, 244 N.W.2d 53 (1976). Respondents did not press this issue at oral argu-

ment. Further, the trial court's denial of the petition on its merits was an implicit finding that habeas corpus was appropriate. We therefore agree with appellant that habeas corpus is an appropriate remedy under the circumstances of this case. *See Kelsey v. State ex rel. Wood*, 283 N.W.2d 892, 894–95 (Minn.1979).

2. A convicted felon is entitled to jail credit for all time spent in custody in connection with the offense for which he was sentenced. *See* Minn.R.Crim.P. 27.03, subd. 4(B); *see also* Minnesota Sentencing Guidelines III.C. The issue of jail credit must be addressed on a "case-by-case basis." *State v. Dulski*, 363 N.W.2d 307, 310 (Minn.1985). A defendant carries the burden of establishing he is entitled to jail credit for any specific period of time. *See State v. Willis*, 376 N.W.2d 427, 428 & n. 1 (Minn.1985).

The supreme court has held that defendants are entitled to jail credit for time spent in jail in one Minnesota county in part because of a "hold" placed on them by another county. *See Dulski*, 363 N.W.2d at 309; *see also State v. Patricelli*, 357 N.W.2d 89, 93–94 (Minn.1984). In both cases the presence of a formal "hold" was held to satisfy the "in connection with" requirement for jail credit even though the defendants were sentenced for separate offenses. *See Dulski*, 363 N.W.2d at 309; *Patricelli*, 357 N.W.2d at 94. A crucial element in both *Dulski* and *Patricelli* was the harsh effect that a denial of jail credit would have had on otherwise concurrent sentences. *See Dulski*, 363 N.W.2d at 309–10; *Patricelli*, 357 N.W.2d at 94.

This court has awarded jail credit where undue delay unfairly resulted in "de facto" consecutive sentences. *See State v. Compton*, 340 N.W.2d 358 (Minn.Ct.App.1983); *see also State v. Bauman*, 388 N.W.2d 795 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 20, 1986); *State v. Anderson*, 388 N.W.2d 798 (Minn.Ct.App.1986). In *Bauman*, the defendant was arrested by

---

1. Appellant has requested jail credit from July 2, 1975, the date he was arrested in Michigan, through September 26, 1980, the date he re-

turned to Minnesota, which apparently would result in a September 18, 1992 release date.

both state and federal agents and eventually charged with two separate crimes. *See* 388 N.W.2d at 795–96. He first pleaded guilty to a federal crime and was sentenced to imprisonment in a federal prison in Wisconsin. *See id.* at 796. Minnesota authorities then filed a detainer with the federal authorities, but took no other action until almost two years later, when Bauman requested adjudication of his outstanding state charges. *See id.* Bauman then pleaded guilty and received a concurrent Minnesota sentence. *See id.*

On appeal, this court noted that after his arrest, Bauman was continuously in custody partly for the federal crime and partly for a Minnesota crime. *See id.* at 797. We also observed that had Bauman promptly received concurrent sentences on both federal and state crimes, he would spend less time in prison. *See id.* Since we could not countenance a de facto consecutive sentence because of unjustified delay in criminal proceedings, we held that Bauman was entitled to jail credit against his Minnesota sentence for "all time he spent in federal custody from the date of his arrest." *Id.*

Here the trial court determined appellant was not entitled to jail credit because the time he served in Michigan was not "in connection" with his Minnesota kidnapping sentence. We disagree. After appellant was arrested in Michigan, respondents filed a warrant with the Michigan authorities, who thereafter detained appellant in part because he was wanted by Minnesota for escape and had an unserved Minnesota kidnapping sentence. *See Bauman,* 388 N.W.2d at 796; *compare State v. Moss,* 374 N.W.2d 590, 591 (Minn.Ct.App.1985) (detainer not filed), *pet. for rev. denied,* (Minn. Nov. 1, 1985).

The facts of this case bear certain similarities to the situation in *Bauman.* Here the sentence imposed in Michigan was concurrent to appellant's Minnesota kidnapping sentence. Had appellant been extradited to Minnesota in 1975, the prison time he has since served would indisputably have counted against both sentences. Of course, appellant would then have been tried on the escape charge, and, if convicted, suitably punished. But the salient fact here is that appellant's release date was moved back by over five years as a direct consequence of his escape even though he was never convicted of that crime. Respondents' decision not to extradite, coupled with a "long standing policy" of the Department of Corrections, has transformed originally concurrent sentences into "de facto" consecutive sentences.

■ Under these circumstances, we believe appellant is entitled to the jail credit he has requested. We therefore reverse the trial court's order, grant the writ of habeas corpus, and direct respondents to recalculate appellant's release date in accordance with this opinion.

## DECISION

The trial court erred by not awarding jail credit against appellant's Minnesota sentence for a concurrent sentence he served in another state where Minnesota authorities charged appellant with escape and filed a detainer but declined to extradite him and instead recalculated his release date.

Reversed.

LANSING, J., dissents.

LANSING, Judge (dissenting).

I would affirm the trial court's decision that the prison time Linehan served in Michigan on a separate offense should not be credited against his Minnesota sentence. The Minnesota Supreme Court has held that, unless the Minnesota charge is the sole reason for the detention by another state, the time is not deducted from the Minnesota sentence. *State v. Willis,* 376 N.W.2d 427, 428–29 (Minn.1985); *State v. Brown,* 348 N.W.2d 743, 748 (Minn.1984). Linehan was arrested in Michigan for kidnapping and attempted rape of a 12–year–old girl. He was tried, convicted, sentenced, and served time in Michigan for that crime. Linehan spent no time detained in Michigan solely because of his Minnesota sentence.

I cannot accept the majority's reasoning that Linehan is entitled to a writ of habeas corpus because Minnesota did not demand extradition. Although Minnesota has the right to make the demand, it is not required to do so. Having made that decision, Minnesota is free to consider what effect, if any, the Michigan sentence has on the pre-existing Minnesota sentence. The full faith and credit clause, U.S. Const., art. 4, § 1, does not require a state to enforce the penal judgment of another state. *Nelson v. George*, 399 U.S. 224, 229, 90 S.Ct. 1963, 1966–67, 26 L.Ed.2d 578 (1970). Moreover, as the Michigan sentencing judge stated in a letter to Linehan, the concurrency was premised on the judge's belief that Linehan would be extradited to Minnesota to stand trial for escape and serve the pre-existing Minnesota sentence at that time. Minnesota chose not to bring Linehan to trial on the escape charge, and Linehan requested he be allowed to serve his Michigan sentence in Michigan.

The Minnesota Department of Corrections was within its authority in recalculating Linehan's release date to reflect his absence from Minnesota prison. *State v. Lindsey*, 314 N.W.2d 823, 825 (Minn.1982), *rehearing denied* (Minn. Mar. 5, 1982). The trial court's decision to deny the writ of habeas corpus was a proper exercise of discretion and does not result in an unlawful sentence. It should be upheld.