STATE of Minnesota, Respondent,

v.

Dale Stewart
KROONBLAWD, Appellant.

No. C5–86–1433.

Court of Appeals of Minnesota.

Feb. 11, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, William P. Lines, Milaca City Atty., Milaca, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Dale Kroonblawd pleaded guilty to aggravated driving while under the influence of alcohol (DWI). He appeals from his sentence and contends the trial court abused its discretion by imposing a one year sentence consecutive to time served on prior offenses and denying him jail credit. We affirm the sentence but conclude that appellant is entitled to 33 days of jail credit.

## FACTS

On November 3, 1985, appellant was arrested in Mille Lacs County for DWI and under a Ramsey County warrant based on several previous offenses. On December 3, 1985, he was charged in Mille Lacs County with four misdemeanor and gross misdemeanor offenses. As a result of his previous offenses, appellant was confined in the Ramsey County Workhouse from January 2, 1986 to April 18, 1986. Mille Lacs County filed a "hold" with Ramsey County authorities on March 17, 1986.

On March 24, 1986, he pleaded guilty in Mille Lacs County to aggravated DWI in violation of Minn.Stat. § 169.129 (1984), a gross misdemeanor. Three remaining charges were dismissed. The trial court ordered a presentence investigation and set sentencing for May 23, 1986. At sentencing, appellant's counsel requested that his sentence "be concurrent with the Ramsey County time that he's already done." The trial court imposed a consecutive sentence of one year in the county jail, subject to review after 60 days and with the possibili-

ty of treatment. Appellant began serving that sentence on May 27, 1986.

## ISSUE

Did the trial court abuse its discretion by imposing a consecutive one-year sentence and denying jail credit?

## ANALYSIS

*Consecutive Sentencing*

Appellant contends his consecutive one-year sentence for an aggravated DWI violation is "inequitable and unfair" and that his total sentence exceeds the statutory maximum. Appellant concedes that a trial court has discretion to impose consecutive sentences for gross misdemeanor offenses and is not constrained by the sentencing guidelines, which apply to felony sentences. *See* Minnesota Sentencing Guidelines I.

Appellant pleaded guilty to an aggravated DWI violation, a gross misdemeanor. *See* Minn.Stat. § 169.129 (1984). Upon conviction of a gross misdemeanor, a defendant may be sentenced to imprisonment for up to one year. Minn.Stat. § 609.03(2) (1984). The record shows appellant has an extensive history of alcohol-related driving offenses.[1] Because of this history, we believe the trial court was within its discretion when it imposed a consecutive one-year sentence.

When a trial court sentences gross misdemeanor offenses consecutively, the total of the terms imposed cannot exceed three years. Minn.Stat. § 609.15, subd. 2 (1984). Appellant's sentence does not exceed this statutory limit.

*Jail Credit*

A defendant is entitled to jail credit for "all time spent in custody *in connection with* the offense or behavioral incident for which sentence is imposed." Minn.R. Crim.P. 27.03, subd. 4(B) (emphasis added). Awards of jail credit are governed by prin-

---

1. Appellant has had a total of nine previous alcohol-related driving offenses, ten misdemeanor convictions, and three gross misdemeanor convictions. The complaint listed misdemeanor DWI convictions in 1978, 1979 and 1981 and a gross misdemeanor aggravated DWI conviction in 1984.

ciples of fairness and equity and must be determined on a case-by-case basis. *See State v. Dulski*, 363 N.W.2d 307, 310 (Minn.1985). Appellant has the burden of establishing that he is entitled to jail credit for a specific period of time. *See State v. Willis*, 376 N.W.2d 427, 428 n. 1 (Minn. 1985).

In this case, appellant was arrested in Mille Lacs County for both DWI and under a Ramsey County warrant for previous offenses. This fact tends to support his claim that he is entitled to jail credit against his Mille Lacs County sentence for time he served in Ramsey County before sentencing. *Compare State v. Bauman*, 388 N.W.2d 795, 797 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 20, 1986) (jail credit awarded in part because the defendant was arrested for both federal and state offenses).

In addition, appellant was charged with the Mille Lacs County offenses before he was confined in Ramsey County. By the time he pleaded guilty and was sentenced, he had completed his jail sentence in Ramsey County. These facts raise concerns about delay and fairness. *See, e.g., State v. Patricelli*, 357 N.W.2d 89, 93–94 (Minn. 1984) (delay in arraignment); *Bauman*, 388 N.W.2d at 797 (unfair delay in criminal proceedings); *State v. Zaycheck*, 386 N.W.2d 294, 296 (Minn.Ct.App.1986) (State controlled length of time between charging and sentencing); *State v. Compton*, 340 N.W.2d 358, 360 (Minn.Ct.App.1983) (delay in scheduling probation hearing).

 Finally, Mille Lacs County filed a "hold" with Ramsey County on March 17, 1986, which continued until Ramsey County released appellant on April 18, 1986. The presence of a "hold" has been held to satisfy the "in connection with" requirement for jail credit. *See Dulski*, 363 N.W.2d at 309; *Patricelli*, 357 N.W.2d at 94. We therefore conclude that appellant is entitled to jail credit from March 17, 1986 to April 18, 1986, a period of 33 days.

### DECISION

The trial court did not abuse its discretion by imposing a consecutive one-year sentence for an aggravated DWI violation. Appellant is entitled to 33 days of jail credit and his sentence is modified accordingly.

Affirmed as modified.