**STATE of Minnesota, Respondent,**

v.

**Michael Lee PERKINS, Appellant.**

No. C1-96-104.

Supreme Court of Minnesota.

Sept. 19, 1996.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED (1) that the petition of Michael Lee Perkins for further review of the unpublished decision of the Court of Appeals filed July 9, 1996 be, and the same is, granted and (2) that petitioner's sentence for the gross misdemeanor offense be, and the same is, vacated and the case remanded for resentencing. Petitioner was charged with a number of offenses. He pleaded guilty to felony possession of a stolen motor vehicle, felony theft of a different motor vehicle, and gross misdemeanor possession of certain stolen property, including skis, bindings, and poles. If all three crimes had been felonies the presumptive sentences, using the *Hernandez* method, would have been 13 months for the motor vehicle theft, 15 months for the felony theft of the skis, etc., and 21 months for the possession of a stolen motor vehicle. In other words, petitioner would have had to serve a 21-month prison sentence. The trial court followed the Sentencing Guidelines with respect to the two felony convictions and imposed concurrent sentences of 13 months for the felony motor vehicle theft charge and 18 months for the felony possession of a stolen motor vehicle; the trial court then tacked onto that a 1-year consecutive jail term for the gross misdemeanor possession of stolen skis, etc. In other words, petitioner is subject to the equivalent of a 30-month sentence (18 months plus 12 months) rather than a 21-month sentence, simply because the possession of the stolen skis was a gross misdemeanor rather than a felony. In *State v. Dulski*, 363 N.W.2d 307, 310 (Minn.1985), this court indicated that "it would be unfair to hold, in effect, that a defendant who is convicted of a gross misdemeanor may, by virtue of the technical nonapplicability of the Sentencing Guidelines [two gross misdemeanors], have to serve more total time in confinement in a case * * * than he would have to serve if he were convicted of a felony." We conclude it is unfair to require petitioner to spend more time in custody than he would have to spend in custody if he had been convicted of a felony rather than a gross misdemeanor for the unlawful possession of the skis, etc. Accordingly, we reverse the decision of the court of appeals and remand to the trial court for resentencing consistent with this order. Petitioner's total prison term should be 21 months.

Reversed and remanded to the district court.