*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1965**

Simeon Leon Brooks, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 1, 2016
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-10-44377

Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

        Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

On appeal from the district court's order denying his request for an award of additional custody credit, appellant argues that because the court ordered that appellant serve his Minnesota sentence concurrent with the Iowa sentence, he is entitled to custody credit for his incarceration in Iowa prior to the execution of his Minnesota stayed sentence. We affirm.

## FACTS

On September 22, 2010, appellant Simeon Leon Brooks was charged with two counts of felony driving while intoxicated (DWI), stemming from an early morning incident occurring on September 5, 2010. On October 20, 2010, appellant pleaded guilty to one count as part of a plea agreement. On November 19, 2010, appellant was sentenced to 48 months in prison, stayed for a period of five years, under the conditions that appellant: (1) serve 365 days at the workhouse with credit for 63 days; (2) not use any alcohol or illegal or nonprescribed drugs while on probation; (3) submit himself to random testing at the discretion of probation; and (4) submit himself to a chemical-health assessment and follow the specific recommendations of the assessment.

On October 2, 2013, appellant was convicted of consumption of alcohol in a public place and on February 3, 2014, appellant was convicted in Iowa for operating a vehicle while intoxicated and driving while barred. Appellant was sentenced to five years in an Iowa prison. On November 5, 2014, appellant appeared remotely via ITV at his Minnesota probation-revocation hearing requesting the sentence of 48 months, imposed at the

November 19, 2010 hearing, be executed and that appellant receive custody credit for the 242 days accrued while appellant was in prison in Minnesota prior to his sentencing in 2010. The district court granted appellant's request to execute the sentence with a credit of 242 days spent in custody. The district court said, "[o]bviously you're in custody now in Iowa so the time will . . . be eaten up with all the time you're doing in Iowa." Following the hearing, the court issued an order stating that appellant is to be committed to the St. Cloud Correctional Facility for 48 months with 242 days credit for time served. The order also said the sentence is to be served "[c]oncurrent with case number Clay County, Iowa Case Number 03211 OWCR016600."

On September 29, 2015, appellant made a motion under Minn. R. Crim. P. 27.03, subd. 9, to correct his sentence to request additional credit of 276 days. Appellant argued that he should be given credit for the time served in custody in Iowa prior to the execution of his Minnesota sentence because the district court ordered the sentence to run concurrent with his Iowa sentence. The district court denied the motion stating:

> In running the Minnesota sentence concurrent with the Iowa sentence, the [c]ourt did not intend to retroactively apply [appellant's] Iowa credit to the Minnesota sentence. In fact, based on the language of the [Minn. R. Crim. P.] concerning jail credit, the [c]ourt could not have awarded those days of credit even if it had wanted to. The [c]ourt lacks discretion to award days of credit a defendant has not earned. Under a plain reading of the law, [appellant] did not earn the requested 276 additional days of credit towards his Minnesota sentence because the time served in Iowa was not in connection with the Minnesota offense.

**DECISION**

"Awards of jail credit are governed by principles of fairness and equity and must be determined on a case-by-case basis. A defendant has the burden of establishing that he is entitled to jail credit for a specific period of time." *State v. Arend*, 648 N.W.2d 746, 748 (Minn. App. 2002) (quotation omitted). "The decision whether to award credit is a mixed question of fact and law." *State v. Clarkin*, 817 N.W.2d 678, 687 (Minn. 2012) (quotation omitted). We review the district court's factual findings concerning the credit the defendant seeks custody for under the clearly erroneous standard and then apply the rules of law to those circumstances under the de novo standard. *Id.*

"The granting of jail credit is not discretionary with the [district] court." *State v. Parr*, 414 N.W.2d 776, 778 (Minn. App. 1987), *review denied* (Minn. Jan. 15, 1988). When a criminal sentence is imposed, the trial court shall "[s]tate the number of days spent in custody in connection with the offense or behavioral incident being sentenced. That credit must be deducted from the sentence and term of imprisonment and must include time spent in custody from a prior stay of imposition or execution of sentence." Minn. R. Crim. P. 27.03, subd. 4(B). Jail credit is allowed for time spent in another state only when the Minnesota offense was the "sole reason" for incarceration in the foreign jurisdiction. *Parr*, 414 N.W.2d at 779. "If part of the time appellant spent in the out-of-state jail was in connection with the out-of-state charge, he [is not] entitled to jail credit for that time." *Id.*

Appellant argues that failing to credit time spent in custody for the Iowa offense, prior to the request for execution of his Minnesota sentence, creates a de facto consecutive sentence rather than a concurrent sentence. We conclude that this argument fails for two

4

reasons: (1) appellant's request is merely a request for jail credit for time spent in a foreign jurisdiction and the Minnesota offense is not the sole reason for his incarceration in Iowa; and (2) it is not a de facto consecutive sentence.

Appellant's claim for additional custody credit is merely a request for time served in a foreign jurisdiction as a result of a foreign offense. Appellant does not argue that the sole reason he was incarcerated in Iowa was due to his Minnesota offense. He was imprisoned in Iowa as a result of crimes committed in Iowa, three years after his conviction in Minnesota. Appellant is incorrect in stating that "[t]here is no rule that prohibits the court from exercising its discretion to order that a Minnesota offense be served concurrent with a foreign sentence, even where the defendant would not otherwise be entitled." There is a very clear rule to the contrary: "The granting of jail credit *is not discretionary* with the [district] court." *Id.* at 778; *see also State v. Bentley*, 329 N.W.2d 39, 40 (Minn. 1983) (stating that "defendant is not entitled to credit for time spent in prison in North Dakota before he was paroled to Minnesota authorities"). The district court does not have discretion to award jail credit for time spent in prison for an offense that is not solely connected to the Minnesota offense.

Appellant also argues that, despite ordering the Minnesota sentence to run concurrently with the Iowa sentence, the district court's refusal to credit the time served in Iowa prison prior to executing the Minnesota sentence results in a de facto consecutive sentence. S*ee State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008) (discussing the potential concern of de facto conversion of a concurrent sentence into a consecutive sentence as relevant in coming to a decision about custody credit). "[A]nytime a defendant

5

on probation . . . commits a felony and receives a sentence equivalent to or longer than the previously imposed stayed sentence, the defendant will exercise his right to insist on execution of the first sentence, thereby insuring that both sentences run concurrently." *State v. Weber*, 470 N.W.2d 112, 115 (Minn. 1991). As soon as appellant received his sentence that was equivalent to or longer than the imposed stayed Minnesota sentence, he should have insisted on the execution of his first sentence. Appellant failed to do so for 276 days and fails to provide any reason for the delay. Appellant does not provide evidence that a delay in scheduling a probation-revocation hearing resulted in a de facto consecutive sentence as was required in *State v. Compton*, 340 N.W.2d 358, 360 (Minn. App. 1983) (awarding 189 days jail credit where a delay in scheduling a probation-revocation hearing resulted in a de facto consecutive sentence); nor does appellant point to any evidence that there was an unfair and unjustifiable delay in criminal proceedings as was required by this court in *State v. Bauman*, 388 N.W.2d 795, 797 (Minn. App. 1986) (holding that an unfair and unjustifiable delay in criminal proceedings warranted jail credit for time spent in prison while waiting for the probation-revocation hearing).

Because appellant's Minnesota conviction was not the sole reason for his imprisonment in Iowa and because there is no de facto consecutive sentence, appellant is not entitled to any additional credit.

**Affirmed.**