STATE of Minnesota, Respondent,

v.

Robert Arthur HINES, Appellant.

No. C2–82–1266.

Supreme Court of Minnesota.

March 18, 1983.

Seth R. Phillips, Newport, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal in which the defendant claims that the sentencing judge erred in denying his motion to depart from the presumptive sentence. We affirm.

Defendant, who is 56, pleaded guilty to intrafamilial sexual abuse in the first degree, Minn.Stat. § 609.3641, subd. 1(1) (1982). This offense is a severity level VIII offense. Defendant's criminal history score at the time of sentencing was zero. The presumptive sentence for the offense in question by a person with such a criminal history score is 43(41–45) months in prison, with the sentence executed. The trial court imposed the presumptive sentence. Defense counsel argues on appeal that defendant is not a predatory type of sex offender and that he not only is amenable to treatment but that treatment is in his best interests and in the interests of his family and society.

In *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981), in holding that the trial court did not err in refusing to depart from the presumptive sentence and impose a more lenient sentence, we stated:

[W]e do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal

of the refusal to depart. As we stated in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*See also State v. Freyer,* 328 N.W.2d 140 (Minn.1982); *State v. Kraft,* 326 N.W.2d 840 (Minn.1982).

█ Although we have the authority, if the circumstances warrant, to modify a sentence that is within the presumptive sentence range, we do not believe that this is an appropriate case for the exercise of that authority.

Affirmed.