**STATE of Minnesota, Respondent,**

v.

**Thomas Lee TORELL, Appellant.**

**No. C6–86–1487.**

Court of Appeals of Minnesota.

Nov. 10, 1986.

Review Denied Dec. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Ann L. Carrott, Douglas Co. Atty., Alexandria, for respondent.

C. Paul Jones, State Public Defender, Susan Andrews, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Thomas Torell pleaded guilty to two counts of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a) (1984), for sexually assaulting two young girls in Alexandria, Minnesota (Douglas County), during March 1985. About one month following his arrest, appellant was released on bail. On October 9, 1985 he was ordered to report to the Douglas County Sheriff's Department on October 14 to be transported to the Fergus Falls State Hospital for a Rule 20 evaluation of his mental condition. Appellant turned himself in as scheduled but was taken into custody by Wright County officials and placed in their jail on a Wright County charge, pursuant to a warrant which was issued on October 11, 1985. The Wright County Sheriff's booking sheet indicates Douglas County still had a "hold" on appellant. Appellant was finally transported to the Fergus Falls State Hospital for evaluation on October 23, 1985.

Appellant then pleaded guilty and was evaluated at St. Peter State Hospital for consideration in its ITPSA (Intensive Treatment Program for Sexual Aggressives). He was denied acceptance into the program primarily because of his history of escape, his leaving treatment programs contrary to medical advice, his unwillingness to acknowledge his culpability in the offenses, and a current outstanding warrant for his arrest in Oklahoma.

The sentencing court refused to dispositionally depart from the guidelines and imposed concurrent sentences of 30 and 34 months imprisonment. Appellant subsequently moved for additional jail credit. The trial court granted his request for jail credit for time spent in the Fergus Falls State Hospital, but denied his request for credit for time spent in the custody of the Wright County authorities between October 14 and 23, 1985. At sentencing there was some discussion that appellant's pending sentence in Wright County would be concurrent to the Douglas County sentencing. Appellant was sentenced on September 9, 1986 in Wright County to 34 months imprisonment, concurrent with the Douglas County sentence. Appellant challenges the denial of his request for a dispositional departure and jail credit.

### DECISION

1. We will rarely interfere with the trial court's imposition of a presumptive guidelines sentence. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). The trial court explicitly referred to the evaluation made at St. Peter and the pre-sentence investigation, as well as the entire file in imposing the guidelines sentence. This is not that rare case warranting reversal. *See State v. Hines,* 330 N.W.2d 878 (Minn.1983).

2. Minn.R.Crim.P. 27.03, subd. 4(B) requires that a defendant be given credit for all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed.

Several factors support appellant's position on the jail credit question: (1) he was only taken into custody by Wright County because of the Douglas County order requiring appellant to appear at the Douglas County Sheriff's Department; (2) Douglas County had a "hold" on appellant

while he was in custody of the Wright County officials; and (3) appellant was sentenced in Wright County to a sentence concurrent with the Douglas County matter. Appellant is entitled to credit toward time spent in custody of the Wright County officials between October 14 and 23, 1985. *See State v. Patricelli,* 357 N.W.2d 89 (Minn.1984); *State v. Anderson,* 388 N.W.2d 798 (Minn.Ct.App.1986).

Affirmed in part and remanded.