STATE of Minnesota, Respondent,

v.

Ernest John FOLLEY, Appellant.

No. C4–88–1427.

Supreme Court of Minnesota.

April 14, 1989.

C. Paul Jones, State Public Defender and Mark F. Anderson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James P. Farly, Sp. Asst., St. Paul, and William MacPhail, Wright County Atty., Buffalo, for respondent.

YETKA, Justice.

Defendant, Ernest John Folley, was found guilty by a district court jury of two counts of criminal sexual conduct in the first degree, Minn.Stat. § 609.342, subds. 1(a), 1(h)(v) (1988), and was sentenced by the trial court to concurrent 43–month prison terms. The court of appeals upheld both convictions against a claim by defendant that the evidence was legally insufficient. *State v. Folley*, Case No. C4–88–1427, 1989 WL 7620 (Minn.App., filed February 7, 1989) (unpublished opinion). The court of appeals refused to vacate one of the two convictions on the ground that it is barred by Minn.Stat. § 609.04 (1988) and affirmed the trial court's refusal to award defendant all the jail credit he sought. We granted defendant's petition for review because, although we agree with the court of appeals that the evidence of guilt was sufficient, we disagree with the court's refusal to vacate one of the convictions and its affirmance of the denial of jail credit.

1. As we have interpreted Minn. Stat. § 609.04 (1988),[1] a defendant may not be convicted of two counts of criminal sexual conduct (different sections of the statute or different subsections) on the basis of the same act or unitary course of conduct. *See, e.g., State v. LaTourelle*, 343 N.W.2d 277 (Minn.1984). Defendant was tried on two counts of criminal sexual conduct in the first degree, one based on section 609.-342, subdivision 1(a) (engaging in sexual penetration with person who is under 13 by actor more than 36 months older) and one based on section 609.342, subdivision 1(h)(v) (engaging in sexual penetration with person who is under 16 and with whom actor has a "significant relationship" as defined). The informational section of the complaint stated that the charges were based on evidence that defendant engaged in acts of sexual penetration with the complainant

from October 1985 through May 1987. Complainant was born on August 7, 1974, meaning that she was not 13 when the penetration occurred.

Defendant did not raise the section 609.-04 issue on the record in the district court. In *State v. Kemp*, 305 N.W.2d 322, 326 (Minn.1981), we expressly reserved the option not to decide an issue such as this in future appeals if the issue were not first raised in the trial court. However, in a number of subsequent appeals in which it was necessary to decide other issues raised, we also decided the section 609.04 issue, notwithstanding the defendant's failure to raise it in the trial court. *See, e.g., State v. Tenhoff*, 322 N.W.2d 354, 356–57 (Minn.1982).

The court of appeals properly chose to address the issue, holding that defendant's argument that both convictions are based on the same conduct "is contrary to the facts" because the conviction of violating section 609.342, subdivision 1(a) involved conduct occurring before complainant turned 13 whereas the conviction of violating section 609.342, subdivision 1(h)(v) was based on conduct occurring "thereafter." It appears, however, that both convictions were based on the same evidence and the same acts, all of which occurred before complainant turned 13. We, therefore, believe that, under our cases interpreting and applying section 609.04, one of the two convictions—for which defendant received concurrent 43–month sentences—should be vacated.

2. The facts relating to the jail credit issue are these: The alleged conduct occurred October 1985 through May 1987. Complainant first made her allegations in August 1987. The police apparently completed their investigation sometime in October or November 1987. On November 4, 1987, defendant, who has a long history of

---

1. Minn.Stat. § 609.04, subd. 1 (1988) provides: Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following:
   (1) A lesser degree of the same crime; or
   (2) An attempt to commit the crime charged; or
   (3) An attempt to commit a lesser degree of the same crime; or
   (4) A crime necessarily proved if the crime charged were proved; or
   (5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

alcohol-related driving offenses, was again arrested for driving while intoxicated (DWI). Because of his record, he was charged with the gross misdemeanor offense of aggravated DWI. There is some indication that defendant was told by the investigating officer on November 5 or 6 that he was going to be charged with the sex crimes. At some point (we do not know when exactly), the county attorney who prosecuted the case told the jailers not to release defendant if he posted bail on the aggravated DWI charge. The prosecutor's instructions were memorialized in a note to the dispatcher from one of the jailers. The note stated:

### ATTENTION

DISP

*If* Folley should be able to bail out on the DWI charge—let him go thru bail process. *However!* When that is finished he is to be notified *at that point* he is being arrested for 1st degree sexual misconduct "and is to be *immediately* re-booked on those charges and *held*." Per 256. Per WSM 'Do not notify of charges, until bail is supplied.'

Notify 256 at decent time, if it happens.

Defendant did not make bail. He was acquitted of the aggravated DWI charge. Before he could obtain freedom pursuant to the acquittal, he was formally charged with the sex crimes.

When the defendant discovered the above note, he sought jail credit for the time he spent in jail awaiting trial on the aggravated DWI charge. Defendant argues that he would have been entitled to the credit if the prosecutor had formally charged him with the sex crime when he was arrested for aggravated DWI or if the prosecutor had placed a formal "hold" on him. He argued that it is unfair to allow the prosecutor to deprive him of the credit by placing a secret hold on him and then not filing formal charges until 2 months later when he was acquitted of the aggravated DWI charge.

■ In the last several years, we have issued a number of decisions in different contexts clarifying when a defendant is entitled to jail credit. We need not discuss those cases in detail here. It is sufficient to say that a number of basic principles are reflected in those decisions, including that, in a case dealing with jail credit against concurrent Guidelines sentences where the State of Minnesota is a party to both charges, the trial court should ensure that the withholding of jail credit does not result in a *de facto* departure with respect to consecutive service. *State v. Dulski*, 363 N.W.2d 307 (Minn.1985). We have also held that a defendant who cannot post bail because of indigency should serve the same time that a person in identical circumstances who is able to post bail would serve, *State v. Hott*, 426 N.W.2d 423 (Minn.1988), and that the total amount of time a defendant is incarcerated should not turn on irrelevant concerns such as whether the defendant pleads guilty or insists on his right to trial. *State v. Arden*, 424 N.W.2d 293 (Minn.1988); *Dulski*, 363 N.W.2d 307. Additionally, the total amount of time a defendant is incarcerated should not turn on matters that are subject to manipulation by the prosecutor. *Arden*, 424 N.W.2d 293; *Dulski*, 363 N.W.2d 307.

■ We, of course, do not know—nor do we imply—that the prosecutor was motivated by a desire to get around the credit cases. However, if credit is not allowed in this case, the effect will be the same as if the prosecutor acted in a deliberate attempt to manipulate unfairly the charging process to defendant's disadvantage. Further, the fact that defendant was indigent and, therefore, unable to post bail on the aggravated DWI charge is a factor affecting our decision. There may be certain inequities in the award of jail credit that we cannot correct. This is one case in which the inequity can be corrected.

We believe that defendant should be given credit not from January 13, 1988, when he was arrested and formally charged with the sex crimes, but from November 4, 1987, when he was arrested for the aggravated DWI charge. Any uncertainty as to when the state's investigation of the sex crimes was completed and when the decision to

charge petitioner was actually made must be resolved against the prosecutor since it was he who gave the secret instructions to the jailers and requested the placing of a secret hold on defendant. Since there is some indication in the record that the sex investigation was, in fact, completed by the time defendant was arrested for the aggravated DWI charge and that he was told a day or two later that he would be charged with the sex crimes, we conclude that using the November 4 date is appropriate.

In summary, while we agree with the court of appeals that the evidence of defendant's guilt was sufficient to sustain the convictions, one of the convictions must be vacated by the trial court pursuant to section 609.04 and defendant must be given jail credit from November 4, 1987, when he was arrested for the aggravated DWI charge.

Affirmed in part; remanded to trial court for further proceedings.

KELLEY, J., took no part in the consideration or decision of this matter.