**STATE of Minnesota, Respondent,**

v.

**Jody Thomas GOAR, Appellant.**

**No. C9–89–1868.**

Supreme Court of Minnesota.

March 22, 1990.

John Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul and Alan L. Mitchell, St. Louis County Atty., Vernon D. Swanum, Asst. St. Louis County Atty. and Michael F. Orman, Hermantown City Atty., Duluth, for respondent.

POPOVICH, Chief Justice.

This appeal by the defendant, Jody Thomas Goar, from an unpublished decision of the court of appeals presents, in a slightly different context than previously presented, the oft-recurring issue of the amount of jail credit a defendant is entitled to receive against a prison sentence or, as here, a probationary jail term.

Defendant was arrested on February 6, 1989, by Duluth police on misdemeanor charges. During the booking search of defendant, police found a small amount of controlled substances (Valium and Tylenol containing codeine). On February 7 defendant was charged with felony possession of a controlled substance. He was released on bond on February 10.

On April 30 defendant was arrested for gross misdemeanor theft. Following that arrest a stay of an unrelated sentence of 55 days on a contempt of court conviction was revoked and defendant was incarcerated. The complaint charging defendant with gross misdemeanor theft was issued on May 17.

On June 5 defendant pleaded guilty to one count of the felony drug charge. On June 8 he pled guilty to gross misdemeanor theft.

The case came on for sentencing on July 28. As part of the plea agreement, the prosecutor recommended a downward dispositional departure for the felony conviction. The trial court accordingly sentenced defendant to 19 months in prison, the presumptive sentence,[1] but departed dispositionally by placing defendant on 4 years probation, conditioned on his serving a year of probationary jail time. The court sentenced defendant to a concurrent 1–year term for gross misdemeanor theft.

The trial court gave defendant 5 days jail credit against the 1 year of probationary jail time for the 5 days he was in jail in February before he made bond. The trial court gave defendant 10 days credit against the gross misdemeanor term.

The court of appeals upheld the trial court's award of only 5 days jail credit against the probationary jail term for the felony. However, it ruled that defendant was entitled to jail credit against the gross misdemeanor term for the time spent in jail between April 30 and July 28 (the court calculated that as 80 days when in fact it amounts to 89 days).

We have re-addressed the issue of credit in a series of cases since the adoption of the Sentencing Guidelines. At first we focused on whether the time in jail was served "in connection with" the offense of conviction against which credit was sought. *State v. Vaughn,* 361 N.W.2d 54, 59 (Minn. 1985). Later decisions shifted the focus to insuring that denial of that jail credit did not in effect convert a presumptively concurrent sentence into a *de facto* consecutive sentence and that the total length of time the defendant served did not turn on irrelevancies or on things subject to manipulation by the prosecutor. *State v. Hott,* 426 N.W.2d 423, 424–25 (Minn.1988). These more recent credit cases are summarized as follows in *State v. Folley,* 438 N.W.2d 372, 374 (Minn.1989).

In the last several years, we have issued a number of decisions in different

---

1. Defendant's criminal history score was six but the offense is only a severity level I offense.

contexts clarifying when a defendant is entitled to jail credit. We need not discuss those cases in detail here. It is sufficient to say that a number of basic principles are reflected in those decisions, including that, in a case dealing with jail credit against concurrent Guidelines sentences where the State of Minnesota is a party to both charges, the trial court should ensure that the withholding of jail credit does not result in a *de facto* departure with respect to consecutive service. *State v. Dulski*, 363 N.W.2d 307 (Minn.1985). We have also held that a defendant who cannot post bail because of indigency should serve the same time that a person in identical circumstances who is able to post bail would serve, *State v. Hott*, 426 N.W.2d 423 (Minn. 1988), and that the total amount of time a defendant is incarcerated should not turn on irrelevant concerns such as whether the defendant pleads guilty or insists on his right to trial. *State v. Arden*, 424 N.W.2d 293 (Minn.1988); *Dulski*, 363 N.W.2d 307. Additionally, the total amount of time a defendant is incarcerated should not turn on matters that are subject to manipulation by the prosecutor. *Arden*, 424 N.W.2d 293; *Dulski*, 363 N.W.2d 307.

■ The rule of *State v. Hott*, 426 N.W.2d 423 (Minn.1988) (overruling prior decisions to the extent inconsistent) is that a criminal defendant who is required to serve a probationary jail term is entitled to a credit against the term for any time spent in jail between arrest and sentence. Here if defendant's attorney had taken steps to have the bond on the felony charge rescinded, then under the court of appeals' decision defendant clearly would have been entitled to credit against the probationary jail term for the time in jail from April 30, when he was again taken into custody, until July 28, when he formally began serving his probationary jail term. That is the credit he received against the gross misdemeanor sentence and that is the credit he would have received against the felony sentence if the bond had been rescinded. The court of appeals' decision in effect allows the amount of credit against the felony

sentence to turn on (a) the fact that defendant's attorney did not move to rescind the bond and (b) matters such as the length of time it took the parties to negotiate the plea bargain and the length of time between the date of plea, June 5, and the date of sentencing, July 28.

■ In conclusion, defendant is entitled to the 5 days credit he was already given against the probationary jail term for the felony and also is entitled to a credit for the time in jail from April 30, when he was again taken into custody, until July 28, when he formally began serving his probationary jail term. Defendant is also entitled to a recalculation of the amount of jail credit against the gross misdemeanor term for the time served in jail between April 30 and July 28, as it appears that the court of appeals inadvertently calculated that as 80 days when it should have been 89 days.

Affirmed as modified.

KELLEY, Justice (dissenting).

I respectfully dissent. Our concern here is with the defendant's sentence on two separate crimes; felony possession of a controlled substance and gross misdemeanor theft. Defendant spent no time in jail prior to his sentencing on either crime. The time he spent in jail, while those matters were pending, was the result of revocation of a prior contempt of court probationary sentence, which, of course, had no connection with either crime we are concerned with today. I fail to see why defendant should receive any credit on either sentence for jail time served when the jail time was unrelated to either crime, and, in particular, why he should receive jail credit when, in fact, he was free on the streets on bail with regard to the felony. In short, I submit the rationale of *State v. Vaughn*, 361 N.W.2d 54, 59 (Minn.1985) is the appropriate one for application in this case. Even though the trial court gave jail credit on each sentence, I don't think he was compelled to do so, and I reject the contention that by so doing he impermissibly im-

posed a consecutive sentence. Therefore, I would affirm.