**STATE of Minnesota, Respondent,**

v.

**Bradley R. WEBER, Petitioner.**

No. C8–91–324.

Supreme Court of Minnesota.

May 24, 1991.

Susan Maki, Asst. State Public Defender, University of Minnesota, Minneapolis, for petitioner.

Hubert H. Humphrey, III, State Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, and W. M. Gustafson, County Atty., St. Peter, for respondent.

COYNE, Justice.

We once again revisit the recurring issue of the amount of jail credit a criminal defendant is entitled to receive against a prison sentence.

In 1986 defendant, Bradley R. Weber, was convicted of a felony and the trial court imposed a sentence of 18 months but stayed execution. While on probation, defendant in 1989 was charged with another felony but was permitted to plead guilty to a reduced gross misdemeanor charge. The trial court imposed a jail sentence of 11 months and 15 days for the gross misdemeanor. The trial court did not revoke defendant's probation in connection with the earlier felony sentence. After defendant was released from jail he violated the conditions of probation in connection with his stayed felony sentence, and in December of 1990 the trial court revoked probation and ordered the 18-month sentence executed. The trial court held that defendant is not entitled to credit against this sentence for either (a) time spent at the Minnesota State Hospital in St. Peter undergoing an evaluation after the charges were filed against him in 1989 or (b) time served in jail for the gross misdemeanor conviction.

Defendant then sought mandamus from the court of appeals in an attempt to compel the trial court to award him the credit. The court of appeals by order granted the

writ with respect to the time spent in the security hospital, reasoning that the evaluation was ordered partially in anticipation of a possible revocation of probation in connection with the 1986 offense, but denied the writ with respect to time served in jail for the gross misdemeanor.

■ We granted defendant's petition for review and now hold that defendant is entitled not just to credit for time spent in the security hospital but also to credit for time served in jail for the gross misdemeanor.

■ As we have explained in a number of recent cases, in the years following the adoption of the Sentencing Guidelines this court has rethought the general issue of entitlement to jail credit. Last year in *State v. Goar*, 453 N.W.2d 28, 29 (Minn. 1990) we said:

At first we focused on whether the time in jail was served "in connection with" the offense of conviction against which credit was sought. *State v. Vaughn*, 361 N.W.2d 54, 59 (Minn.1985). Later decisions shifted the focus to insuring that denial of [the] jail credit did not in effect convert a presumptively concurrent sentence into a *de facto* consecutive sentence and that the total length of time the defendant served did not turn on irrelevancies or on things subject to manipulation by the prosecutor. *State v. Hott*, 426 N.W.2d 423, 424–25 (Minn. 1988).

These more recent credit cases are summarized as follows in *State v. Folley*, 438 N.W.2d 372, 374–75 (Minn.1989), *quoted with approval in Goar*, 453 N.W.2d at 29–30:

In the last several years, we have issued a number of decisions in different contexts clarifying when a defendant is entitled to jail credit. We need not discuss those cases in detail here. It is sufficient to say that a number of basic principles are reflected in those decisions, including that, in a case dealing with jail credit against concurrent Guidelines sentences where the State of Minnesota is a party to both charges, the trial court should ensure that the withholding of jail credit does not result in a *de facto*

departure with respect to consecutive service. *State v. Dulski*, 363 N.W.2d 307 (Minn.1985). We have also held that a defendant who cannot post bail because of indigency should serve the same time that a person in identical circumstances who is able to post bail would serve, *State v. Hott*, 426 N.W.2d 423 (Minn. 1988), and that the total amount of time a defendant is incarcerated should not turn on irrelevant concerns such as whether the defendant pleads guilty or insists on his right to trial. *State v. Arden*, 424 N.W.2d 293 (Minn.1988); *Dulski*, 363 N.W.2d 307. Additionally, the total amount of time a defendant is incarcerated should not turn on matters that are subject to manipulation by the prosecutor. *Arden*, 424 N.W.2d 293; *Dulski*, 363 N.W.2d 307.

In reaching the conclusion that defendant is entitled to all the credit he seeks, not just that awarded him by the court of appeals, we are influenced in part by our decision in *State v. Dulski*, 363 N.W.2d 307 (Minn.1985), one of the earlier cases in which this court started to shift its focus. In *Dulski* the defendant was sentenced in Ramsey County to a year and a day, with execution stayed. While on probation he committed a gross misdemeanor in Carlton County. His attorney, in an effort to have the sentences run concurrently so the defendant would only have to serve a total of a year and a day, tried to get Ramsey County to move to revoke probation. But Ramsey County delayed doing so, and defendant's probation was not revoked until after the 6–month sentence for the gross misdemeanor was imposed. On appeal the issue for this court was whether the defendant should get the credit he sought against both the Ramsey County sentence and the Carlton County sentence. Focusing on the fact that the sentence for the later gross misdemeanor was a concurrent sentence, this court concluded that "[c]rediting the jail time against both sentences in such a situation does not give the defendant an unfair double credit but instead prevents a de facto departure resulting in consecutive service." *Id.* at 309–10. We

addressed as follows the fact that the second offense was a gross misdemeanor offense and the fact that ordinarily the Sentencing Guidelines do not apply to gross misdemeanors:

It is true that ordinarily the Sentencing Guidelines do not apply to gross misdemeanor sentences. However, as we stated, since the Carlton County sentence was the later one imposed, it was for the Carlton County Court to specify whether or not concurrent sentencing was contemplated. That court's failure to specify consecutive sentences meant that the sentence was concurrent. Moreover, if the conviction in Carlton County had been for a felony rather than for a gross misdemeanor, concurrent sentencing would have been presumed under the Sentencing Guidelines and the court would not have been free to sentence consecutively without articulating adequate reasons. We believe that it would be unfair to hold, in effect, that a defendant who is convicted of a gross misdemeanor may, by virtue of the technical nonapplicability of the Sentencing Guidelines, have to serve more total time in confinement in a case such as this than he would have to serve if he were convicted of a felony.

*Id.* at 310. The court concluded by saying:

In any event, since the Carlton County sentence must be presumed to be a concurrent sentence, defendant was entitled to receive the credit he sought against both the Carlton County sentence and the Ramsey County sentence. Any other result would mean that the length of time served on the sentence for the first offense would turn on when the sentence is executed, something which is subject to manipulation and to irrelevant factors such as whether the defendant pleads guilty or insists on his right to a trial and whether he has to be transported from one county to another for the revocation proceeding.

*Id.*

Here the trial court in sentencing defendant for the later gross misdemeanor offense did not expressly impose a consecutive sentence and therefore, as in *Dulski*, the gross misdemeanor sentence is concurrent. If defendant had insisted on execution of the previously imposed felony sentence, defendant would have had to serve a total, for both offenses, of 18 months, minus any good time credit and any other applicable credit. The reality is that anytime a defendant on probation in a situation like this commits a felony and receives a sentence equivalent to or longer than the previously imposed stayed sentence, the defendant will exercise his right to insist on execution of the first sentence, thereby insuring that both sentences run concurrently. *State v. Milbrad,* 355 N.W.2d 706 (Minn.1984); *State v. Ott,* 341 N.W.2d 883 (Minn.1984). Thus, in this case, if defendant had committed a felony while on probation and had received an executed 18–month sentence for the second felony, he obviously would have insisted on execution of the first sentence and would have faced a *total* sentence for both felony offenses of 18 months, minus good time and any applicable other credit. The court of appeals' decision in effect means that one such as defendant, whose second offense is less serious (here only a gross misdemeanor rather than a felony) and carries a sentence less than that imposed for the first offense, will often serve more total time than the defendant whose second offense is more serious. Defendant is an example of this point: if we were to sustain the court of appeals' decision, defendant would have to serve not a total sentence of 18 months, which is what he would have served if the second offense had been a felony carrying an 18–month concurrent term, but 18 months for the felony in addition to the sentence of nearly a year he had to serve for the gross misdemeanor.

The court of appeals' decision, therefore, allows the length of time this defendant serves to turn on happenstance—whether the sentence for the second offense was shorter than, equivalent to, or greater than the sentence for the first offense. Imposition of a shorter sentence for the second offense, then, may result, illogically it seems to us, in the defendant serving more total time than he would have served had

his second offense been more serious and the sentence for that offense longer. To use the language of *Dulski*, 363 N.W.2d 310, the defendant will "have to serve more total time in confinement in a case such as this than he would have to serve if he were convicted of a felony" in connection with the second offense.

In summary, defendant is entitled not just to the credit awarded him by the court of appeals for the time spent in the security hospital but he also is entitled to credit for time spent in jail for the gross misdemeanor.

Affirmed as modified.