STATE of Minnesota, Respondent,

v.

Brian Matthew FRITZKE, Appellant.

No. C4–94–1405.

Court of Appeals of Minnesota.

Sept. 20, 1994.

John Stuart, State Public Defender, Marie L. Wolf, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and James Backstrom, Dakota County Atty., Stuart E. Shapiro, Asst. County Atty., Hastings, for respondent.

Considered and decided by SIMONETT, C.J., and CRIPPEN and SHORT, JJ.

## SPECIAL TERM OPINION

SIMONETT, Chief Judge.

This is an expedited appeal from an order denying appellant Brian Fritzke's motion to correct his sentence by awarding jail credit[1] for time spent in custody before the complaint against him was filed. We reverse the district court order and remand for a calculation and award of the additional credit.

## FACTS

Appellant Brian Fritzke was arrested on December 27, 1992, in Dakota County after department store loss prevention officers observed Fritzke and a companion shoplifting. Fritzke was in possession of stolen merchandise. He gave a statement to police admitting the thefts and was released.

On January 3, 1993, Fritzke was arrested in Ramsey County for another shoplifting offense. He was found guilty of felony theft on that offense and sentenced on February 25, 1993 to 28 months in prison. He began serving that sentence on February 26, 1993.

On April 21, 1993, a complaint was filed in Dakota County charging Fritzke with felony theft for the Dakota County offense. On June 21, 1993, Fritzke pleaded guilty to that offense and was sentenced to 25 months in prison, to be served concurrently with his Ramsey County sentence. Although the record of sentencing implied that defendant was to be given "credit for time served," there was at sentencing no calculation of credit for time previously spent in custody on that or any other offense.

Fritzke later filed a motion in his Dakota County case for an award of credit from February 26, 1993, the day he began serving his Ramsey County sentence. The district court granted this motion, in part, by awarding Fritzke credit from April 21, 1993, the date the Dakota County complaint was filed. Fritzke then brought a motion to withdraw

---

1. The term "jail credit" is commonly used to encompass any time spent in custody between the time of arrest and sentencing, regardless of whether the time was spent in a jail or some other type of correctional facility.

his guilty plea, claiming his sentences were not fully concurrent, as provided in the plea agreement. The district court denied this motion.

Fritzke brought a second motion for additional credit, this time requesting credit for all time spent in custody from January 3, 1993, the date of his Ramsey County arrest. The district court denied the motion, and Fritzke appeals.

## ISSUE

Is appellant entitled to additional jail credit for time spent in custody before the complaint against him was filed?

## ANALYSIS

■ The district court at sentencing has a duty to

assure that the record accurately reflects all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed.

Minn.R.Crim.P. 27.03, subd. 4(B) (Supp. 1994). The decision to grant jail credit is not discretionary with the district court. *State v. Doyle,* 386 N.W.2d 352, 354 (Minn.App.1986).

Fritzke seeks credit in Dakota County for all time spent in custody from January 3, 1993, when he was arrested in Ramsey County one week after the Dakota County offense, until April 21, 1993, when the Dakota County complaint was filed. The state argues that Fritzke is not entitled to credit for this time, which the state claims was not served "in connection with" the Dakota County offense because Dakota County had not issued a warrant or otherwise placed a "hold" on Fritzke for the offense. The state also argues that Fritzke has waived the issue by failing to appeal from his sentence, or from either of the two earlier postsentencing orders.

■ The supreme court has in recent years shifted the focus in jail credit cases away from the issues of whether the time

was served "in connection with" the current offense and whether a "hold" was placed on the defendant. The present standard is that the amount of credit awarded should not turn on irrelevant concerns or on factors subject to manipulation by the prosecution. *State v. Goar,* 453 N.W.2d 28, 29–30 (Minn.1989). The district court should also ensure that the withholding of credit does not result in a *de facto* upward sentencing departure with respect to consecutive service. *State v. Folley,* 438 N.W.2d 372, 374 (Minn.1989).

This is not a case in which a secret "hold" had been placed on a defendant, as in *Folley,* 438 N.W.2d at 374. Neither does it involve time in custody on another charge after the complaint was filed in the prosecution in which credit is sought. *See Goar,* 453 N.W.2d at 30 (defendant released on bond after felony complaint was filed was entitled to credit for time served on another offense). Rather, we deal here, apparently for the first time in a published opinion, with a claim for jail credit for time served on another offense before the complaint was filed.

The award of jail credit should not turn on events "subject to manipulation by the prosecutor." *Goar* at 29. The prosecutor has broad discretion in determining when to file a complaint. *See State v. F.C.R.,* 276 N.W.2d 636, 639 (Minn.1979) (prosecutor did not deny defendant due process by waiting to see how long defendant would serve on another offense before charging him). If the defendant is not in custody, or is in custody on another charge, the prosecutor faces no immediate time constraint. *Compare* Minn. R.Crim.P. 4.03, subd. 1 (probable cause determination required within 48 hours of arrest without warrant).

■ A defendant need not show actual manipulation by the prosecutor in order to receive credit for time spent in custody. *See Folley,* 438 N.W.2d at 374 (declining to imply that secret hold was intended to manipulate charging process). When there is probable cause to charge a defendant, however, and the time constraints of Rule 4.03 do not apply, the date on which the complaint is

filed is subject to manipulation by the prosecutor. Thus, a defendant is entitled to credit for all time spent in custody following arrest, including time spent in custody on other charges, beginning on the date the prosecution acquires probable cause to charge defendant with the offense for which he or she was arrested.

The complaint here establishes that the prosecution had probable cause to charge Fritzke with the Dakota County offense on December 27, 1992. Thus, Fritzke is entitled to credit for whatever time he spent in custody from January 3, 1993, the date of his first incarceration following the Dakota County arrest.

The state also contends that Fritzke has waived the jail credit issue by failing to appeal the sentence or the other postsentencing orders. We disagree. Fritzke did not waive the credit issue by failing to appeal the sentence or the order denying withdrawal of the plea because neither the sentence nor the order made a credit determination. Fritzke did raise the jail credit issue, although incompletely, in an earlier postsentencing motion. Under the circumstances, however, we believe Fritzke should not be deemed to have waived appellate review of the credit issue by waiting to appeal until he had fully presented the issue to the district court. *See generally State v. Fields,* 416 N.W.2d 734, 736 (Minn. 1987) (defendant should be allowed to present sentencing departure issue to district court in probation revocation hearing and then appeal the decision).

Fritzke has presented only a minimal record of his custody status following his December 27, 1992 arrest. The record on appeal does not resolve all possible ambiguities about the number of days Fritzke spent in custody after that date. By a separate order, this court has remanded that determination to the district court.

## DECISION

Fritzke is entitled to jail credit for whatever time he spent in custody from December 27, 1992 to April 21, 1993, when the Dakota County complaint was filed.

**Reversed and remanded.**