STATE of Minnesota, Respondent,

v.

Matthew James CLARKIN, Appellant.

Nos. A10–1286, A11–548.

Court of Appeals of Minnesota.

Oct. 3, 2011.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Thomas A. Weist, Assistant County Attorney, Minneapolis, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; MINGE, Judge; and BJORKMAN, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the denial of jail credit,[1] arguing that at the time he was arrested and incarcerated for violating the terms of his supervised release, the state had probable cause to charge him with the harassment/stalking incident for which he pleaded guilty. Because the new offense was committed while appellant was on supervised release from a prior assault conviction and because the sentencing guide-

---

1. The term "jail credit" is used in our considering whether a defendant's sentence is reduced for time served while confined for another offense. Such time may have been served in jail or in prison. Although the term "custody credit" may more accurately describe our issue, we use "jail credit" because it is the commonly used reference.

lines provide for a presumptive consecutive sentence for the new offense, we affirm.

## FACTS

In April 2008, appellant Matthew Clarkin was released from prison after serving time for second-degree assault against his ex-girlfriend, S.A.S., and placed on intensive supervised release (ISR). Included in the terms of release were requirements that Clarkin participate in certain rehabilitative programming, not use or possess intoxicants, and not violate an order for protection (OFP) regarding S.A.S. In May 2008, a warrant was issued for Clarkin's arrest for failing to participate in required programs and for possession/use of intoxicants. Clarkin was arrested on this warrant on July 13, 2008 and, after a hearing, returned to prison.

While Clarkin was on ISR and while the arrest warrant was outstanding, S.A.S. and her father reported two separate incidents of highly offensive, spray-painted graffiti that occurred at their separate homes. When Clarkin was arrested on the ISR violation, the record indicates that police had investigated the graffiti incidents and accumulated circumstantial evidence that Clarkin was the perpetrator. However, in a July 2008 interview, Clarkin denied being responsible, and there was no evidence of further investigation while he was in prison for violating the terms of his ISR. No further graffiti was reported by S.A.S. or her family while Clarkin was in prison.

In 2009, when Clarkin completed his prison sentence, 11 similar graffiti incidents occurred at S.A.S.'s home, the church where she worked, and the homes of several of her family members. As they investigated these 2009 incidents, the police accumulated substantial additional evidence that Clarkin was responsible, including an eyewitness report and a video recording of Clarkin engaged in graffiti writing. All the graffiti also had common characteristics: it was directed at and associated with S.A.S. and included profanity with consistent misspellings and writing style.

The 13 graffiti incidents became the basis of a criminal complaint issued in November 2009 and amended in March 2010 charging Clarkin with felony harassment/stalking in violation of Minn.Stat. § 609.749, subd. 2(1) (2008). The complaint also included a count of violating an OFP. Clarkin was arrested in December 2009 and ultimately pleaded guilty to the first count of harassment/stalking, which was based on a July 5, 2008 graffiti incident. The other counts were dismissed. Clarkin was sentenced to 35 months in prison and given credit only for time served from his December 2009 arrest to his guilty plea. Clarkin was not granted jail credit for the 222 days of incarceration that he served after July 13, 2008, for violating his ISR conditions incident to his assault conviction.

Clarkin appealed the initial judgment, contesting the denial of jail credit, but then filed a motion to stay the direct appeal and remand to the district court for postconviction proceedings. The motion was granted by a special term panel of this court. In his postconviction motion to the district court, Clarkin argued that he should receive additional jail credit because the state had probable cause to charge him with the two graffiti incidents that occurred in July 2008 prior to his ISR being revoked and his being returned to prison on the assault conviction. The district court found that the state did not have probable cause to charge Clarkin prior to the time he was jailed and returned to prison in July 2008 and denied the request for jail credit.

Clarkin appeals the postconviction decision. His two appeals have been consolidated.

## ISSUE

■ When Clarkin was sentenced for the harassment/stalking offense committed while on supervised release, was he entitled to jail credit for time served for violations of that supervised release?

## ANALYSIS

■ Clarkin argues that, because the state had probable cause to charge him with the July 2008 harassment/stalking offenses at the time of his ISR-violation arrest, he should be granted jail credit for the time he served on his assault conviction after he was arrested and returned to prison for violating the conditions of his ISR. "A district court's decision whether to award credit is a mixed question of fact and law; the [district] court must determine the circumstances of the custody the defendant seeks credit for, and then apply the rules to those circumstances." *State v. Johnson*, 744 N.W.2d 376, 379 (Minn.2008). Appellate courts review the district court's factual findings for clear error and the application of the legal standard to those findings de novo. *Id.*

■ "Awards of jail credit are governed by principles of fairness and equity and must be determined on a case-by-case basis." *State v. Arend*, 648 N.W.2d 746, 748 (Minn.App.2002) (quotation omitted). A defendant is entitled to credit for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn. R.Crim. P. 27.03, subd. 4(B) (2008). The burden is on the defendant to establish entitlement to jail credit for a specific period of time. *State v. Willis*, 376 N.W.2d 427, 428 n. 1 (Minn.1985). The amount of credit awarded should not turn on factors subject to manipulation by the state. *State v. Goar*, 453 N.W.2d 28, 29–30 (Minn. 1990).

■ In addition to fairness and equity, jail credit is subject to the standards established by the sentencing guidelines. Jail credit should not be granted in such a way that the presumptions in the sentencing guidelines are ignored. *See* Minn. Sent. Guidelines II.F. (2010) (establishing consecutive and concurrent sentencing principles); *see also State v. Dulski*, 363 N.W.2d 307, 309–10 (Minn.1985) (withholding of jail credit should not create a de facto departure that would result in unwarranted consecutive sentences).

■ When determining whether to award jail credit, our caselaw instructs courts to consider the time at which there was probable cause to charge an offense. *See State v. Fritzke*, 521 N.W.2d 859, 862 (Minn.App.1994) (articulating the rule that jail credit is to be awarded "beginning on the date the prosecution acquires probable cause to charge [the] defendant with the offense"); *see also State v. Morales*, 532 N.W.2d 268, 269–70 (Minn.App.1995). In this appeal, the parties focus on and take varying positions on the use of the probable-cause standard. However, the probable-cause standard is not the appropriate touchstone for deciding Clarkin's claim for jail credit.

A key factor distinguishing this case from *Fritzke* is that Clarkin committed the 2008 harassment/stalking offenses while on supervised release. "Consecutive sentences are presumptive when the conviction is for a crime committed by … an offender on supervised release…." Minn. Sent. Guidelines II.F.1 (2010). If the sentences are consecutive, jail credit is not available. *Id.* at III.C.03 (2010). If Clarkin had been convicted of harassment/stalking while on ISR, the district

court would have had to depart from the presumptive guideline to sentence Clarkin concurrently to his sentence for violating the ISR. *Id.* at II.F.1. Such a sentencing departure would require a finding of substantial and compelling reasons. *Id.* at II.D (2010). This presumption for consecutive sentences changes the landscape on jail credit and virtually eliminates the temptation for a prosecutor to intentionally delay the charging decision on the chance a judge might depart from the presumptive guidelines sentence. Because there is no reason for a de facto departure from a presumption of consecutive sentencing in Clarkin's situation, we conclude that, regardless of probable cause, Clarkin is not entitled to jail credit for time served after he was arrested for violating his ISR on his prior assault conviction.

Although incidental to our holding, we note that with respect to the parties' probable-cause argument there are considerations that take this case beyond *Fritzke.* Here, the investigation and development of the graffiti case against Clarkin was limited in July 2008. The graffiti incidents ceased when Clarkin was incarcerated and the investigation stopped. It was renewed in 2009 after more incidents of graffiti occurred. Evidence gathered in 2009 was significant: a video of Clarkin spray painting and an eyewitness report of Clarkin running away after another spray-painting incident. We further note that there is no evidence of prosecutorial manipulation to avoid jail credit. In fact, because of a presumptive consecutive sentence, there was no temptation to engage in manipulation.

Because Clarkin, while on supervised release, was convicted of the crime of harassment/stalking and reincarcerated for violating the conditions of his supervised release, and because there is a presumption that crimes committed while on supervised release will be sentenced consecutively, we conclude the district court did not err in denying jail credit.

## DECISION

Because there is a presumption of consecutive sentencing for crimes committed while on supervised release, we conclude that Clarkin is not entitled to jail credit against his harassment/stalking sentence for time served on his ISR violation.

**Affirmed.**