*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0320**

State of Minnesota,
Respondent,

vs.

Tawan E. Carter,
Appellant.

**Filed February 5, 2024**
**Affirmed in part, reversed in part, and remanded**
**Slieter, Judge**

Dakota County District Court
File No. 19HA-CR-21-509

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kathryn M. Keena, Dakota County Attorney, Jessica A. Bierwerth, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larson, Presiding Judge; Cochran, Judge; and Slieter, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

In this direct appeal from the judgment of conviction of first-degree criminal sexual conduct, appellant argues that (1) there is insufficient evidence to prove beyond a reasonable doubt that the sexual contact was nonconsensual, and (2) the district court erred

by entering judgments of conviction for two first-degree criminal-sexual-conduct offenses when the offense involved a single act of criminal sexual conduct. Because sufficient evidence supports the jury's verdicts, we affirm in part. However, because the district court erred by entering two judgments of conviction for offenses arising out of the same criminal act, we reverse in part and remand for the district court to vacate one conviction.

## FACTS

Respondent State of Minnesota charged appellant Tawan E. Carter with two counts of first-degree criminal sexual conduct, one in violation of Minn. Stat. § 609.342, subd. 1(c) (fear of bodily harm) (2020), and the other in violation of Minn. Stat. § 609.342, subd. 1(e)(i) (force or coercion) (2020).[1] The case was tried to a jury, and the following facts are based on the evidence presented at trial.

Carter and the victim, D.C., married in 2004. D.C. explained that their relationship was good in the beginning, but Carter became controlling and physically abusive within the last several years. D.C. testified that several years ago she was hospitalized after falling ill with meningitis and tuberculosis, which has left her with ongoing medical issues that make it painful to engage in sexual intercourse. She stated that Carter knew that sexual intercourse was painful for her and that she was not interested in having intercourse. D.C. further testified that Carter started sexually assaulting her after she returned home from the hospital by giving her sleeping medicine before "forc[ing]" her to engage in sexual activity.

---

[1] Carter was also charged with, and found guilty and convicted of, harassment in violation of Minn. Stat. § 609.749, subd. 5(a) (2020), domestic assault in violation of Minn. Stat. § 609.2247, subd. 2 (2020), and threats of violence in violation of Minn. Stat. § 609.713, subd. 1 (2020). Carter does not challenge these convictions on appeal.

2

D.C. testified that, on February 18, 2021, Carter gave her "melatonin and NyQuil, ZZZ-Quil, or whatever, so [she] knew what [she] had to do." D.C. took the pills, believing that she would be slapped or choked if she refused. After "getting drowsy," D.C. went into the bedroom, undressed herself, and laid down. Carter eventually went into the bedroom and had vaginal intercourse with D.C. D.C. stated that she did not tell Carter "no" or physically resist because "[she] was afraid" of being "[c]hoked, or worse." D.C. then explained that after penetrating her vaginally, Carter rolled D.C. onto her stomach and attempted to penetrate her anally. D.C. stated that she then rolled onto her back again, noting that because she has neuropathy it is painful to lie on her stomach. D.C. testified that Carter punched her in the stomach for rolling over.

The jury found Carter guilty of both counts of first-degree criminal sexual conduct. Carter was sentenced on December 2, 2022. At the beginning of the sentencing hearing, the state noted that "[t]here were guilty verdicts on both counts one and two; however, there can only be [a] sentence[] imposed for one of those counts." The district court convicted Carter on count one, the offense in violation of Minn. Stat. § 609.342, subd. 1(c). The district court did not pronounce a sentence for count two, noting that it "need not sentence because [counts one and two] arise out of the same circumstances." The warrant of commitment reflects convictions for both counts.

Carter appeals.

**DECISION**

**I.**   **The evidence was sufficient for the jury to find Carter guilty of first-degree criminal sexual conduct.**

When evaluating the sufficiency of the evidence, we review the record to determine "whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach their verdict." *State v. Olhausen*, 681 N.W.2d 21, 25 (Minn. 2004). We assume the jury believed evidence that supported the verdict and disbelieved any evidence that conflicted with the verdict. *Id.* "We will not disturb the verdict if the jury, while acting with proper regard for the presumption of innocence and regard for the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense." *Id.* at 25-26.

A finding of guilt can be based on direct or circumstantial evidence. Circumstantial evidence is "evidence from which the factfinder can infer whether the facts in dispute existed or did not exist." *State v. Harris*, 895 N.W.2d 592, 599 (Minn. 2017) (quotation omitted). "In contrast, direct evidence is evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." *Id.* (quotations omitted).

When considering a sufficiency challenge to a guilty verdict based on direct evidence, we carefully analyze the record to determine whether the evidence, viewed in the light most favorable to the verdict, was sufficient to permit the fact-finder to reach its verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We assume that the fact-finder believed the state's witnesses and disbelieved any contrary evidence. *State v. Brocks*, 587

N.W.2d 37, 42 (Minn. 1998). We, as an appellate court, defer to the fact-finder's credibility determinations and will not reweigh the evidence on appeal. *State v. Franks*, 765 N.W.2d 68, 73 (Minn. 2009); *State v. Watkins*, 650 N.W.2d 738, 741 (Minn. App. 2002). "We will not disturb the verdict if the jury, while acting with proper regard for the presumption of innocence and regard for the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense." *Olhausen*, 681 N.W.2d at 25-26.

The parties contend that the circumstantial-evidence standard applies. We disagree. Because the state relied on D.C.'s testimony, and victim testimony is direct evidence which can support a verdict, we conclude that the direct-evidence standard applies. *See Harris*, 895 N.W.2d at 599 ("[D]irect evidence is evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." (quotation omitted)); *State v. Horst*, 880 N.W.2d 24, 39 (Minn. 2016) (stating that "when a disputed element is sufficiently proven by direct evidence alone . . . it is the traditional standard, rather than the circumstantial-evidence standard, that governs").

Carter challenges the sufficiency of the state's evidence, claiming that the state failed to prove that the sexual penetration was nonconsensual. The jury found Carter guilty of two counts of first-degree criminal sexual conduct pursuant to Minn. Stat. § 609.342 (2020), both of which require the state to prove nonconsensual sexual penetration. *See* Minn. Stat. § 609.341, subd. 12 (2020) (defining "sexual penetration" as an act "committed without the complainant's consent"). "Consent" is defined as "words or overt actions by a person indicating a freely given present agreement to perform a particular sex act." *Id.*,

subd. 4(a) (2020). A current or prior relationship does not prove consent. *Id.* And "[c]orroboration of the victim's testimony is not required to show lack of consent." *Id.*, subd. 4(c) (2020); *see also State v. Burch*, 170 N.W.2d 543, 552 (Minn. 1969) (noting that a guilty verdict may be based on the testimony of a single witness).

Viewing the evidence in the light most favorable to the verdict, *Webb*, 440 N.W.2d at 430, and assuming the jury believed the state's witnesses and disbelieved any contrary evidence, *Brocks*, 587 N.W.2d at 42, the evidence sufficiently demonstrates that D.C. did not consent to sexual intercourse with Carter. D.C. testified that she had not consented to having sex with Carter in several years. D.C. stated that, on February 18, because she was afraid, she did not tell Carter "no" or physically resist. D.C. testified that, while she did not tell him "no" on February 18, she had told him "that [she] didn't want to. He knew. He's known." According to this testimony, D.C. did not volunteer any words or "overt actions" that would indicate "a freely given present agreement to perform a particular sexual act." Minn. Stat. § 609.341, subd. 4(a). D.C.'s testimony, viewed in the light most favorable to the conviction, is sufficient to sustain the jury's verdict.

We are not persuaded by Carter's arguments to the contrary. Carter contends that D.C.'s words and overt actions did not establish that she withheld consent, noting that D.C. took the sleeping medicine, went into the bedroom, undressed herself, and laid on the bed on which the intercourse occurred, and that D.C. physically refused his subsequent attempt to penetrate her anally. But the jury heard D.C. testify that she did not consent and we assume, as we must, that the jury believed D.C. *See Brocks*, 587 N.W.2d at 42.

**II.** **The district court erred by entering two convictions for both counts of first-degree criminal sexual conduct.**

A district court is not allowed to enter convictions for both an offense and an included offense. Minn. Stat. § 609.04, subd. 1 (2020). Section 609.04 bars multiple convictions of criminal sexual conduct arising from "the same act or unitary course of conduct." *State v. Folley*, 438 N.W.2d 372, 373 (Minn. 1989). Whether a conviction violates section 609.04 is a legal question that appellate courts review *de novo*. *State v. Cox*, 820 N.W.2d 540, 552 (Minn. 2012).

Carter argues, and the state concedes, that the district court erred by entering convictions on both counts of first-degree criminal sexual conduct. We agree.

Carter was charged with two counts of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342. According to the complaint, the charges stem from D.C.'s claim that Carter engaged in nonconsensual acts of sexual penetration on February 18, 2021. The evidence presented at trial shows that the two counts of sexual assault stem from a single event that occurred at the same time and place. Because the two counts arose out of the same course of conduct, one of the convictions must be vacated pursuant to section 609.04. *Folley*, 438 N.W.2d at 372.

**Affirmed in part, reversed in part, and remanded.**